UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:    Tarani Johnson<br>                    Debtor<br><br>SN Servicing Corporation as Servicer for U.S. Bank Trust National Association, as Trustee of Cabana Series V Trust<br>                    Movant<br>v.<br><br>Tarani Johnson<br>Patricia Johnson - Co-Debtor<br>Terry P. Dershaw- Trustee<br>                    Respondents | Case No. 22-12668-mdc<br><br>Chapter: 7<br><br>Judge:  Magdeline D. Coleman<br><br>Hearing Date: March 8, 2023 @ 10:30 AM<br><br>Objection Deadline: February 21, 2023 |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY, CO-DEBTOR STAY AND IN REM/PROSPECTIVE RELIEF WITH RESPECT TO PROPERTY

SN Servicing Corporation as Servicer for U.S. Bank Trust National Association, as Trustee of Cabana Series V Trust (together with any successor and/or assign, "Movant") hereby moves this Court for an Order (i) pursuant to 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 1301, vacating the automatic stay and co-debtor stay and granting In Rem/Prospective Relief to permit Movant to enforce its mortgage on the Debtor's premises located at 24-02 Oceancrest Boulevard, Far Rockaway, NY 11691 (the "Property") and (ii) for such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

1.     Movant is the holder of a Note executed by the Borrower J. Patricia Johnson and dated December 13, 2005, whereby the Borrower promised to repay $466,000.00 plus interest to BNY Mortgage Company, LLC (the "Original Lender").  To secure the repayment of the Note, the Borrower executed a Mortgage in favor of BNY Mortgage Company, LLC, encumbering the Property, which was recorded in Recorder of Deeds Office of the City OF New York under Book

CRFN 2006000071069. The Mortgage was ultimately assigned to Movant by an Assignment of Mortgage. Borrow J Patricia Johnson entered into a Loan Modification Agreement with prior servicer Wells Fargo Bank, N.A., effective August 1, 2017, that created a new principal balance of $753,419.53. A copy of the Note, Mortgage, Assignments of Mortgage and Loan Modification Agreements are attached hereto as **Exhibit A**.

2. A Petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtor on October 3, 2022.

3. This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue of this case and this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The Debtor failed to make current mortgage payments due to Movant under the terms of the Loan Modification Agreement. As a result, a Summons and Complaint was filed on November 30, 2022 in the Supreme Court of the State of New York under Index Number # 725222/2022, captioned <u>U.S. Bank Trust National Association as Trustee of Igloo Series V Trust v. Johnson, et al</u> ("the Foreclosure Action"). A copy of the Summons and Complaint is attached hereto as **Exhibit "B".**

6. Debtor filed a Chapter 13 bankruptcy, case # 10-13614-mdc, on May 3, 2010. The case was dismissed on November 4, 2010, for failure to file information. A copy of the dismissal order is attached hereto as **Exhibit "C".**

7. Debtor filed a Chapter 13 bankruptcy (the "Second Case"), case # 11-11408-mdc, on February 26, 2011. The case was dismissed on November 1, 2012, for failure to make plan payments. A copy of the dismissal order is attached hereto as **Exhibit "C".**

8. Debtor filed a Chapter 7 bankruptcy (the "Third Case"), case # 12-20451-mdc, on November 9, 2012. The case was discharged on March 13, 2014, under section 727 of title 11, United States Code. A copy of the discharge order is attached hereto as **Exhibit "C"**.

9. Debtor filed a Chapter 13 bankruptcy (the "Fourth Case"), case # 18-17342-mdc, on November 5, 2018. The case was dismissed on July 22, 2019, Pursuant to 11 U.S.C. Sections 105, 349 and 1307. A copy of the dismissal order is attached hereto as **Exhibit "C"**.

10. Debtor filed a Pro Se Chapter 13 bankruptcy (the "Fifth Case"), case # 22-12013-mdc, on August 1, 2022. The case was dismissed on August 29, 2022, for failure to timely file the documents required by the order dated August 1, 2022. A copy of the dismissal order is attached hereto as **Exhibit "C"**.

11. Following the dismissal of the Fifth Case, Debtor filed a Chapter 7 bankruptcy on October 3, 2022 (the "Sixth Case"), which is the current filing, case # 22-12668-mdc.

12. Furthermore, as of January 30, 2023, the Debtor has not made the post-petition mortgage payment due November 1, 2022 – January 1, 2023 in the amount of $11,221.86.

13. Debtor is contractually due for the April 1, 2018 mortgage payment. Payoff as of the filing date is $967,679.33 with pre-petition arrears of $242,789.87.

14. Pursuant to 11 U.S.C. §362 (d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

14. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. *In Re Michael Lancelot Taylor*, 151 B.R. 646,648 (Bankr. E.D.N.Y. 1993).

15. Plaintiff incurred attorney's fees in the amount of $1,450.00 and filing costs of

$188.00 in connection with filing and prosecuting of this motion for relief and seeks recovery of those amounts in order to cure the post-petition default.

16. Since grounds exist to vacate the stay in Debtor's case, Movant therefore requests that the automatic stay imposed under 11 U.S.C. § 362(a) be modified and terminated for cause to permit Movant to pursue its rights under the Mortgage and applicable law, including without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

17. Movant may be harmed by the continuation of the Co-Debtor stay absent payments from the Debtor or Co-Debtors. Accordingly, the Co-Debtor stay should be modified pursuant to 11 U.S.C. § 1301(c)(3) and Movant should be permitted to proceed against the Co-Debtors, J. Patricia Johnson.

18. 11 U.S.C. 362(d)(4) of the United States Bankruptcy Code allows a court to grant Relief from Stay upon a finding of multiple bankruptcy filings affecting such real property were part of a scheme to delay, hinder, or defraud creditors.

19. Movant may be irreparably harmed by any further filings of the Debtor due to the number of previous unsuccessful, repetitive filings.

**WHEREFORE**, Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362, 11 U.S.C. § 1301 and for In Rem/Prospective Relief from the Automatic Stay as set forth in the proposed order together with waiver of Bankruptcy Rule 4001(a)(3) and for such other, further and different relief as to this Court may deem just, proper and equitable.

Dated: February 6, 2023

  By: */s/Lauren M. Moyer*
Lauren M. Moyer, Esquire
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100
Bankruptcy@FriedmanVartolo.com