# Exhibit "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------X

U.S. BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF IGLOO SERIES V TRUST,

                                         Plaintiff

                          -against-

J. PATRICIA JOHNSON A/K/A JOYCELYN P.
JOHNSON A/K/A JOYCELYN PATRICIA JOHNSON
A/K/A JOYCELYN PATRICIA JAMES JOHNSON
A/K/A JOCELYN PATRICIA JAMES JOHNSON
A/K/A JOYCELYN PATRICIA JOHNSON-WELCH;
TARANI JOHNSON; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY TRANSIT ADJUDICATION BUREAU;
NEW YORK CITY PARKING VIOLATIONS
BUREAU; "JOHN DOE" AND "JANE DOE" said
names being fictitious, it being the intention of Plaintiff
to designate any and all occupants of premises being
foreclosed herein,

                                  Defendants

-------------------------------------------------------------------X

Index No.

**SUMMONS**

**Mortgaged Premises**:
24-02 Oceancrest Boulevard
Far Rockaway, NY 11691

**Section**: 60
**Block**: 15733
**Lot**: 54

Mortgaged Premises: 24-02 Oceancrest Boulevard, Far Rockaway, NY 11691

To The Above Named Defendant(s):

       YOU ARE HEREBY SUMMONED to answer the Complaint in the above entitled action and to serve a copy of your Answer on the Plaintiff's attorney within twenty (20) days of the service of this Summons, exclusive of the day of service, or within thirty (30) days after service of the same is complete where service is made in any manner other than by personal delivery within the State. The United States of America, if designated as a Defendant in this action, may answer or appear within sixty (60) days of service. If you fail to appear or to answer within the aforementioned time frame, judgment will be taken against you by default for the relief demanded in the Complaint.

### NOTICE OF NATURE OF ACTION AND RELIEF SOUGHT

       THE OBJECTIVE of the above captioned action is to foreclose on a Mortgage to secure $466,000.00 and interest, recorded in the Queens County Clerk's Office on February 7, 2006 in CRFN 2006000071069, covering the premises known as 24-02 Oceancrest Boulevard, Far Rockaway, NY 11691.

       The relief sought herein is a final judgment directing sale of the premises described above to satisfy the debt secured by the mortgage described above.

Firm File No. 212922-2

Plaintiff designates Queens County as the place of trial. Venue is based upon the County in which the mortgaged premises is located.

# NOTICE
# YOU ARE IN DANGER OF LOSING YOUR HOME

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**

**Sending a payment to your mortgage company will not stop this foreclosure action.**

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

Dated: November 30, 2022
New York, New York

_____
Ralph L. Vartolo, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100

Firm File No. 212922-2

Case 22-12668-mdc    Doc 132-2    Filed 02/06/23    Entered 02/06/23 09:48:41    Desc
Exhibit    Page 4 of 15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
U.S. BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF IGLOO SERIES V TRUST,

                                    Plaintiff

                -against-

J. PATRICIA JOHNSON A/K/A JOYCELYN P.
JOHNSON A/K/A JOYCELYN PATRICIA JOHNSON
A/K/A JOYCELYN PATRICIA JAMES JOHNSON
A/K/A JOCELYN PATRICIA JAMES JOHNSON
A/K/A JOYCELYN PATRICIA JOHNSON-WELCH;
TARANI JOHNSON; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY TRANSIT ADJUDICATION BUREAU;
NEW YORK CITY PARKING VIOLATIONS
BUREAU; "JOHN DOE" AND "JANE DOE" said
names being fictitious, it being the intention of Plaintiff
to designate any and all occupants of premises being
foreclosed herein,

                               Defendants
-------------------------------------------------------------------X

Index No.

**VERIFIED COMPLAINT**

**Mortgaged Premises**:
24-02 Oceancrest Boulevard
Far Rockaway, NY 11691

**Section**: 60
**Block**: 15733
**Lot**: 54

      The Plaintiff herein, by its attorneys **FRIEDMAN VARTOLO LLP** complains of the

defendants above named herein and, upon information and belief, alleges as follows:

      1.     Plaintiff, U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust

(hereinafter "Plaintiff"), at all times hereinafter mentioned was and still is a duly organized corporation

or association with offices at 7114 E. Stetson Drive, Suite 250, Scottsdale, AZ 85251.

      2.     The object of the instant action is to foreclose a mortgage securing the premises known

as 24-02 Oceancrest Boulevard, Far Rockaway, NY 11691 (hereinafter "Mortgaged Premises"). The

Mortgaged Premises is more fully described in Schedule "A" annexed hereto.

      3.     On December 13, 2005, J. Patricia Johnson (hereinafter "Borrower") being indebted to

BNY Mortgage Company LLC, in the sum of $466,000.00, executed a note to secure that sum with a

fixed interest rate of 6.375% per annum, payable in successive monthly installments of $2,907.23 on

the first day of each month commencing February 1, 2006 and the final payment to be made January 1,

2036 (hereinafter "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

4.        To secure payment of the obligation described in paragraph three (3), J Patricia Johnson

(hereinafter "Mortgagor") executed to Mortgage Electronic Registration Systems, Inc., as nominee for

BNY Montage Company LLC a mortgage of even date with said Note, and thereby mortgaged the

Mortgaged Premises as collateral security for the Note. Said mortgage was recorded in the County

Clerk's Office of Queens on February 7, 2006 in CRFN 2006000071069 (hereinafter "Mortgage"). A

true and correct copy of the Mortgage is attached hereto as **Exhibit B**.

5.        Thereafter, the Mortgage was assigned as provided for below:

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: Mortgage Electronic Recording System Inc., as nominee for BNY Mortgage Company, LLC
**Assignee**: Wells Fargo Bank, N.A.
**Dated**: January 25, 2010
**Recorded**: March 8, 2010
**CRFN**: 2010000078955

**CORRECTIVE ASSIGNMENT OF MORTGAGE**:
**Assignor**: Mortgage Electronic Registration Systems, Inc., as nominee for BNY Mortgage Company,
Limited Liability Company, its successors and assigns
**Assignee**: Wells Fargo Bank, NA
**Dated**: March 27, 2012
**Recorded**: April 9, 2012
**CRFN**: 2012000137290

Copies of the aforementioned assignments of Mortgage are attached hereto as **Exhibit C**.

6.        Effective August 1, 2017, the Borrower and Wells Fargo Bank, N.A. amended and

supplemented the Mortgage by execution of a loan modification agreement, which capitalized all

arrears to form a total unpaid principal balance of $753,419.53 (hereinafter "Loan Modification

Agreement"). The Loan Modification Agreement amended the interest rate of the Mortgage such that

interest would accrue at 4.250% per annum on $575,000.00, the interest-bearing principal, from August

1, 2017 until the modified maturity date, August 1, 2057, at which time $178,419.53, the deferred

principal balance would become due and owing. The Loan Modification Agreement was recorded on

September 7, 2017 in CRFN 2017000333563. A copy of the Loan Modification Agreement is attached

hereto as **Exhibit D**.

7.    Thereafter, the Mortgage was assigned as provided for below:

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: Wells Fargo Bank, N.A.
**Assignee**: Specialized Loan Servicing LLC
**Dated**: August 1, 2019
**Recorded**: August 8, 2019
**CRFN**: 2019000252454

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: Specialized Loan Servicing LLC by Community Loan Servicing, LLC its attorney in fact
**Assignee**: Community Loan Servicing, LLC
**Dated**: February 11, 2021
**Recorded**: February 23, 2021
**CRFN**: 2021000064842

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: Community Loan Servicing, LLC, f/k/a Bayview Loan Servicing, LLC
**Assignee**: Bayview Dispositions VI, LLC
**Dated**: October 20, 2021
**Recorded**: December 14, 2021
**CRFN**: 2021000490196

**ASSIGNMENT OF MORTGAGE**:
**Assignor**: Bayview Dispositions VI, LLC
**Assignee**: U.S. Bank Trust National Association, as trustee of the Igloo Series V Trust
**Dated**: November 10, 2021
**Recorded**: December 14, 2021
**CRFN**: 2021000490197

Copies of the aforementioned assignments of Mortgage are attached hereto as **Exhibit E**.

8.    Plaintiff or its custodian/agent is in possession of the original Note with a proper

endorsement and/or allonge firmly affixed to the original Note and is therefore, the holder of both the

Note and Mortgage, which passes incident to the Note.

9.    Plaintiff has complied with all of the applicable provisions of RPAPL §1304, if required,

Firm File No. 212922-2

and, if applicable, New York Banking Law 9-X, Banking Law §§ 595-a and 6-1 and 6-m.

10. Notices were sent to the Borrower specifically pursuant to RPAPL §1304 on June 21, 2022 (hereinafter "90-Day Notices"). Said 90-Day Notices have not expired and were sent to the Borrower at least 90-days prior to the commencement of the instant action. The 90-Day Notices were in 14-point type, contained the statutorily dictated language of RPAPL §1304 and the address and phone numbers of at least five US Department of Housing and Urban Development approved housing counseling agencies in the region where the Borrower resides and was mailed by registered or certified mail and first-class mail to the Mortgaged Premises and last known address of the Borrower, if different. True and correct copies of the 90-Day Notices are attached hereto as **Exhibit F**.

11. That the Plaintiff has complied fully with the RPAPL §1306 filing requirement, if required, by filing with the superintendent of banks within three (3) business days of date the 90-Day Notices were mailed. A true and correct copy of the proof of filing is attached hereto as **Exhibit G**.

12. That the Mortgage provides that in the case of default in the payment of any principal or interest or any other terms, covenants or conditions of the Mortgage, the holder of the Mortgage could declare the entire indebtedness secured by the Mortgage immediately due and payable, and that the holder of the Mortgage is empowered to sell the Mortgaged Premises.

13. That the Mortgagor defaulted on the Mortgage on April 1, 2018 and since that date has failed to comply with the conditions of the Mortgage by failing to pay portions of principal, interest or taxes, assessments, water rates, insurance premiums, escrow and/or other charges.

14. That pursuant to paragraph 22 of the Mortgage, in the case of default in the payment of any principal or interest or any other terms, covenants or conditions of the Mortgage, the holder of the Mortgage could declare the entire indebtedness secured by the Mortgage immediately due and payable, and that the holder of the Mortgage is empowered to sell the Mortgaged Premises according to law. As

Mortgagor has failed to pay monthly installments prior to or on the due date, Plaintiff elects herein to accelerate the Mortgage and call due the entire amount secured by said Mortgage.

15.    That in order to protect its security, the Plaintiff has paid, or may be compelled to pay during the pendency of this action, local taxes, assessments, water rates, insurance premiums and other charges assessed to the Mortgaged Premises.

16.    That, pursuant to the Mortgage, the Mortgagor promised to pay, in addition to principal and interest, all the additional charges mentioned in the preceding paragraph, and Plaintiff hereby requests that any sums paid by Plaintiff for such purposes, with interest thereon, be added to the sum otherwise due and be deemed secured by the Mortgage and be adjudged to be a valid lien on the Mortgaged Premises.

17.    That there is now due and owing to the Plaintiff under said Note and Mortgage the principal sum of $571,767.79, as well as a deferred balance of $178,419.53, with interest thereon from March 1, 2018, plus late charges and advances made by the Plaintiff on behalf of the Mortgagor and other named defendants and any other charges due and owing pursuant to the terms of the Note and Mortgage.

18.    Pursuant to paragraph 6A of the Note, in the event any installment shall become overdue for a period in excess of 15 days, a late charge on the overdue sum may be charged for the purpose of defraying the expense in handling such delinquent payment.

19.    Plaintiff has complied with all conditions precedent, required by the Mortgage, prior to the commencement of this action.

20.    Pursuant to the terms of the Mortgage, a notice of default was mailed to the Mortgagor on June 21, 2022 via certified mail and first class mail to the last known address of the Mortgagor, which was the Mortgaged Premises, as well as to 45 E City Avenue, Bala Cynwyd, PA 19004-2421

Firm File No. 212922-2

(hereinafter "Notice of Default"). A true and correct copy of the Notice of Default is attached hereto as **Exhibit H**.

21.    That defendant, J. PATRICIA JOHNSON A/K/A JOYCELYN P. JOHNSON A/K/A JOYCELYN PATRICIA JOHNSON A/K/A JOYCELYN PATRICIA JAMES JOHNSON A/K/A JOCELYN PATRICIA JAMES JOHNSON A/K/A JOYCELYN PATRICIA JOHNSON-WELCH, is a named party Defendant to this action because she is the record owner and original obligor under the Note secured by the Mortgage, which was assigned as provided for hereinabove.

22.    That defendant, TARANI JOHNSON, is a named party Defendant to this action because she is the record owner by virtue of a deed recorded on October 31, 2017 in CRFN 2017000403222.

23.    That defendant, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, is a named party defendant to this action because it is a subordinate lienor by virtue of numerous New York City Environmental Control Board Liens against names similar to the aforementioned record owner, obligor or mortgagee recited hereinabove as referenced in the printouts, attached hereto as **Exhibit I**.

24.    That defendant, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, is a named party defendant to this action because it is a subordinate lienor by virtue of numerous Transit Adjudication Bureau Liens against names similar to the aforementioned record owner, obligor or mortgagee recited hereinabove as referenced in the printouts, attached hereto as **Exhibit I**.

25.    That defendant, NEW YORK CITY PARKING VIOLATIONS BUREAU, is a named party defendant to this action because it is a subordinate lienor by virtue of numerous parking violations against names similar to the aforementioned record owner, obligor or mortgagee recited hereinabove as referenced in the printouts, attached hereto as **Exhibit I**.

26.    That defendants "John Doe" and "Jane Doe", are named party defendants, said names being fictitious, it being the intention of Plaintiff to designate any and all occupants, tenants, persons or

corporations, if any, having or claiming an interest in or lien upon the Mortgaged Premises being foreclosed herein.

27.    That each of the above named defendants have or claim to have some interest in, or lien upon, the Mortgaged Premises or some part thereof, which interest or lien, if any, accrued subsequent to the lien of the Plaintiff's Mortgage and is subject and subordinate thereto.

28.    That the Plaintiff is now the sole, true and lawful holder of the record of the said Note and is the mortgagee of record or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject Note and Mortgage.

29.    There has been one prior action to collect or enforce the aforementioned default under the Note or Mortgage under Index No. 702134-2020. Said action was subsequently discontinued and no such proceedings are currently pending.

30.    The Plaintiff shall not be deemed to have waived, altered, released or changed its election herein by reason of any payment after the commencement of this action of any or all of the defaults mentioned herein and such election shall continue to be effective.

31.    That the Mortgage provides that, in the case of foreclosure, the Mortgaged Premises may be sold in one parcel and that if the Mortgaged Premises consist of more than one parcel, Plaintiff respectfully requests that the Judgment of Foreclosure and Sale provide for the parcels to be sold as one parcel.

32.    The sale of the Mortgaged Premises under foreclosure herein is subject to any state of facts that an inspection of the Mortgaged Premises would disclose, any state of facts an accurate survey would show, and to covenants, restrictions and easements, if any, of record affecting said Mortgaged Premises and any violation thereof, any equity of redemption of the United States to redeem the Mortgaged Premises within 120 days from the date of sale, prior mortgages and liens of record, if any,

Firm File No. 212922-2

FILED: QUEENS COUNTY CLERK 11/30/2022 04:58 PM
NYSCEF DOC. NO. 1

INDEX NO. 725222/2022
RECEIVED NYSCEF: 11/30/2022

Case 22-12668-mdc    Doc 132-2    Filed 02/06/23    Entered 02/06/23 09:48:41    Desc
Exhibit    Page 11 of 15

any rights of tenants or persons in possession of the subject Mortgaged Premises, and to zoning regulations and ordinances of the city, town, or village in which said Mortgaged Premises lies and any violations thereof.

33.    In the event that the Plaintiff possess any other lien(s) against the Mortgaged Premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) not be merged in Plaintiff's cause(s) of action set forth herein, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

## AND AS FOR A SECOND CAUSE OF ACTION

34.    Plaintiff repeats and realleges each and every allegation contained in paragraphs one (1) through thirty-three (33) as though fully set forth herein.

35.    This action is brought pursuant to Article 15 of the New York State Real Property Actions and Proceedings Law.

36.    That the Mortgage recorded on February 7, 2006 in CRFN 2006000071069, the vesting deed recorded on October 31, 2017 in CRFN 2017000403222, and the Loan Modification Agreement recorded on September 7, 2017 in CRFN 2017000333563 contain errors in the legal descriptions as summarized below.

37.    That the vesting deed was recorded without a legal description. Additionally, there is a discrepancy between the legal descriptions contained in the foreclosing Mortgage/Loan Modification Agreement and the prior deed recorded in Reel 1232, Page 673 in that the preamble of the prior deed states "…dated June 1884…" whereas the Mortgage/Loan Modification Agreement states "…dated June 1834…". Furthermore, the foreclosing Mortgage and the Loan Modification Agreement contain a

scrivener's error in that the preamble states "9/23/185" where it should state "9/23/1885". The Schedule A herein has been taken from the prior deed.

38.     In order to accurately reflect the correct legal description, leave is hereby sought to reform the legal descriptions of the Mortgage recorded in CRFN 2006000071069, the vesting deed recorded in CRFN 2017000403222, and the Loan Modification Agreement recorded in CRFN 2017000333563 to conform to the legal description as provided for in the attached Schedule A.

**WHEREFORE**, Plaintiff demands judgment:

(a) adjudging and decreeing the amounts due the Plaintiff for principal, interest, costs, advancements and reasonable attorney's fees, if fees were provided for in the said Mortgage;

(b) that the defendants and all persons claiming by, through and under them, or either or any of them, subsequent to the commencement of this action and every other person or corporation whose right, title conveyance or encumbrance is subsequent to or subsequently recorded, may be barred and forever foreclosed of all right, claim, lien or interest, or equity of redemption in and to said Mortgaged Premises;

(c) that the said Mortgaged Premises, or such part thereof as may be necessary to raise the amounts then due for principal, interest, costs, reasonable attorney's fees, allowances and disbursements, together with any monies advanced and paid, may be decreed to be sold according to law;

(d) that out of the monies arising from the sale thereof, the Plaintiff may be paid the amounts then due on said Note and Mortgage as herein set forth, with interest upon said amounts from the dates of the respective payments and advances thereof, the costs and expenses of this action, additional allowance, if any, and reasonable attorney's fees, if and as provided for in the Mortgage, rider or other agreement, so far as the amount of such money is properly applicable thereto will pay the same;

Firm File No. 212922-2

(e) that any of the parties to this action may become a purchaser upon such sale;

(f) that should the Mortgaged Premises be sold by foreclosure sale and the proceeds of said sale be insufficient to pay the total debt due plaintiff, the Borrower named hereinabove, unless discharged in bankruptcy, may be adjudged to pay the amount of the deficiency;

(g) that the United States of America shall have the right of redemption, if applicable;

(h) that the Queens County Clerk be directed to replace the legal description contained in the Mortgage recorded in CRFN 2006000071069, the vesting deed recorded in CRFN 2017000403222, and the Loan Modification Agreement recorded in CRFN 2017000333563 with the legal description as provided for in the attached Schedule A;

(i) that the Plaintiff may have such other or further relief, or both, in the Mortgaged Premises as may be just and equitable.

Dated: November 30, 2022
New York, New York

_____
Ralph L. Vartolo, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100

Firm File No. 212922-2

FILED: QUEENS COUNTY CLERK 11/30/2022 04:58 PM
INDEX NO. 725222/2022
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 11/30/2022

Case 22-12668-mdc    Doc 132-2    Filed 02/06/23    Entered 02/06/23 09:48:41    Desc
Exhibit    Page 14 of 15

## VERIFICATION

Ralph L. Vartolo, Esq., an attorney admitted to practice in the courts of New York State, hereby affirms under penalty of perjury that:

I am a partner of the firm of **FRIEDMAN VARTOLO LLP** the attorneys of record for the Plaintiff in the within action.

I have read the foregoing complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

The grounds of my beliefs as to all matters not stated on my own knowledge are books and records in my possession, conversations with officers or employees of Plaintiff or its agents, and the public record.

Dated: November 30, 2022
New York, New York

_____
Ralph L. Vartolo, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100

Firm File No. 212922-2

# SCHEDULE A
## DESCRIPTION OF MORTGAGED PREMISES

### Section 60 Block 15733 and Lot 54

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being at Far Rockaway in the 5th Ward of the Borough of Queens, City of New York, County of Queens, State of New York, known and designated as and by Lots Nos. 16, 17 and 18 and parts of Lots 6, 7, 8, 9, 10 and 15 on a certain map entitled, "The Oceancrest Property of Mrs. Ann Norton situated at Far Rockaway, L.I. surveyed by Thomas D. Smith, Bellmore, L.I. dated June 1884" and filed as Map No. 614 in the Office of the Clerk (now Register) of the County of Queens on 9/23/1885 which said lots and parts of lots when taken together as one parcel are bounded and described as follows:

BEGINNING at a point on the Northerly side of Ocean Avenue (Oceancrest Boulevard), distant 258.26 feet Southerly, Southwesterly and Westerly measured along the Northerly and Westerly sides of Ocean Avenue as same curves from the Southwesterly corner of Cornaga Avenue and Ocean Avenue said point of beginning where Northerly side of Ocean Avenue is intersected by boundary line between land hereby described and land heretofore conveyed by Julia Hamman to Josephine Camen by deed dated 4/18/1899 and recorded in the Office of the Clerk of the County of Queens in Liber 1222 Page 287 on 9/4/1899;

RUNNING THENCE Westerly along the Northerly side of Ocean Avenue, 90.66 feet to land now or late of one Murphy;

THENCE North 50 degrees 34 minutes 23 seconds West along said land of Murphy, 133.30 feet to the South side of Lot No. 10 on said map;

THENCE North 31 degrees 32 minutes 03 seconds East, 13.43 feet to point where Southerly side of land, heretofore conveyed by Julia Hamman to Josephine Camen intersects Westerly side of said Lot 10;

THENCE North 67 degrees 11 minutes 57 seconds East along said land of Camen, 116.85 feet;

THENCE South 39 degrees 24 minutes 33 seconds East still along said land of Camen, 107.92 feet to Northerly side of Oceancrest Boulevard at the point or place of BEGINNING.

**Premises known as 24-02 Oceancrest Boulevard, Far Rockaway, New York**

Firm File No. 212922-2