# Exhibit "C"



#49

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

RE: TARANI JOHNSON : BK No.: 10- 13614 mdc
:
:

## ORDER DISMISSING CHAPTER 13 CASE AND SETTING DEADLINE FOR APPLICATIONS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES

AND NOW, consideration of the Motion to Dismiss Case filed by William C. Miller, Standing Trustee ("the Trustee"), and after notice and hearing, it is hereby ORDERED that :

1. This chapter 13 bankruptcy case is DISMISSED.

2. Counsel for the Debtor shall file a master mailing list with the Clerk of the Bankruptcy Court if such has not been previously filed.

3. Any wage orders previously entered are VACATED.

4. Pursuant to 11 U.S.C. §349(b](3], the undistributed chapter 13 plan payments in the possession of the Trustee shall not revest in the entity in which such property was vested immediately before the commencement of the case. All other property of the estate shall revest pursuant to 11 U.S.C.§349(b)(3J.

5. All applications for allowance of administrative expense {including applications for allowance of professional fees) shall be filed within twenty [20] days of the entry of this Order.

6. Counsel for the Debtor shall serve this Order by first class mail, postage prepaid, on all interested parties within (5) days of the entry of this Order. Counsel shall file a Certification of Service confirming that such service has been effected within fifteen (15) days of the entry of this Order.

Date: 11/4/10

Magdeline D. Coleman
U.S. Bankruptcy Judge

United States Bankruptcy Court
For the Eastern District of Pennsylvania

In re:                                            Chapter 13
TARANI A JOHNSON

Debtor(s)                                         Bankruptcy No. 1111408

Order Dismissing Chapter 13 Case and
Directing Counsel to File Master Mailing List

AND NOW, this _1st_ day of _November_, 201_2_ upon consideration of the Motion to Dismiss filed by William C. Miller, Standing Trustee, this case is dismissed, and it is further ORDERED, that ~~RONALD G. MCNEIL~~ _Ryan Paddick_ counsel for the debtor, shall file a master mailing list with the clerk of the Bankruptcy Court, currently updated (if such has not been previously filed); and it is further

ORDERED, that any wage orders are hereby VACATED.

_Magdeline D. Coleman_
Hon. Magdeline D. Coleman
United States Bankruptcy Judge

William C. Miller, Trustee
P.O. Box 40119
Philadelphia PA 19106-0119

Counsel for Debtor(s)

RONALD G. MCNEIL
1333 RACE STREET

PHILADELPHIA   PA   19107-158

Debtor(s)

TARANI A JOHNSON

DBA SILVER APPLE LLC
2285 BRYN MAWR AVENUE
PHILADELPHIA   PA   19131

**B18 (Official Form 18) (12/07)**

# United States Bankruptcy Court

Eastern District of Pennsylvania
Case No. **12–20451–mdc**
**Chapter 7**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
   Tarani A. Johnson
   2285 Bryn Mawr Avenue
   Philadelphia, PA 19131

Social Security No.:
   xxx–xx–3776

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

                                                        BY THE COURT

Dated: 3/13/14                                          Magdeline D. Coleman
                                                        United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts That are Not Discharged.**

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re:                                                                 :   Chapter 13

    Tarani A. Johnson,                                  :

        Debtor.                                   :   Bankruptcy No. 18-17342-MDC

# O R D E R

**AND NOW**, upon consideration of the *Chapter 13 Standing Trustee's Motion to Dismiss with Prejudice Pursuant to 11 U.S.C. Sections 105, 349 and 1307* (the "Motion to Dismiss"),[1] seeking dismissal of the bankruptcy case of Tarani A. Johnson ( the "Debtor") with prejudice, and after notice and a hearing held on May 16, 2019 and July 22, 2019, and for the reasons stated by this Court at the hearing, it is hereby **ORDERED** that:

1. The Motion to Dismiss is **GRANTED** without prejudice.

2. The Court retains jurisdiction to address all issues related to the representation of the Debtor in this case by her counsel, Joshua L. Thomas of Joshua L. Thomas & Associates.

Dated: July 22, 2019

                                                                     MAGDELINE D. COLEMAN
                                                                     CHIEF UNITED STATES BANKRUPTCY JUDGE

Joshua L. Thomas, Esquire
Joshua L. Thomas & Associates
1110 Pocopson Road
P.O. Box 415
Pocopson, PA 19366

Tarani A. Johnson
2285 Bryn Mawr Avenue
Philadelphia, PA 19131

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

---

[1] Bankr. Docket No. 59.

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912

Harry B. Reese, Esquire
Powers Kirn, LLC
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053

Jerome B. Blank, Esquire
Phelan Hallinan Diamond & Jones LLP
1617 John F. Kennedy Boulevard, Suite 1400
Philadelphia, PA 19103

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| Tarani A. Johnson | : | |
| Debtor | : | Bankruptcy No. 22-12013MDC |

ORDER

AND NOW, it is ORDERED that since the debtor(s) have failed to timely file the documents required by the order dated August 1, 2022, this case is hereby DISMISSED.

August 29, 2022

_____
Magdeline D. Coleman
Chief U.S. Bankruptcy Judge

Missing Documents:
    Matrix List of Creditors
    Certificate of Credit Counseling
    Chapter 13 Plan
    Ch 13 Income Form 122C-1
    Means Test Calculation 122C-2, if applicable
    Schedules A/B-J
    Statement of Financial Affairs
    Summary Assets & Liabilities B106

bfmisdoc