United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-12668-mdc |
| Tarani Johnson | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Dec 15, 2025 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol   Definition**

\+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

\#          Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 17, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | #+ Tarani Johnson, 2285 Bryn Mawr Ave., Philadelphia, PA 19131-2509 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 17, 2025         Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 15, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| ANDREW L. SPIVACK | on behalf of Creditor WELLS FARGO BANK  N.A. andrew.spivack@brockandscott.com, wbecf@brockandscott.com |
| HARRY B. REESE | on behalf of Creditor WELLS FARGO BANK  N.A. bankruptcy@powerskirn.com |
| JILL MANUEL-COUGHLIN | on behalf of Creditor WELLS FARGO BANK  N.A. bankruptcy@powerskirn.com |
| KENNETH E. WEST | on behalf of Trustee KENNETH E. WEST ecfemails@ph13trustee.com  philaecf@gmail.com |
| KEVIN J. MANGAN | on behalf of Defendant Wells Fargo Bank N.A. kevin.mangan@wbd-us.com |

| District/off: 0313-2 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Dec 15, 2025 | Form ID: pdf900 | Total Noticed: 1 |

heidi.sasso@wbd-us.com;cindy.giobbe@wbd-us.com

LAUREN MOYER

on behalf of Creditor SN Servicing Corporation as Servicer for U.S. Bank Trust National Association as Trustee of Cabana Series V Trust bkecf@friedmanvartolo.com

LAUREN MOYER

on behalf of Creditor U.S. Bank Trust National Association as Trustee of Cabana Series V Trust bkecf@friedmanvartolo.com

MARIO J. HANYON

on behalf of Creditor WELLS FARGO BANK N.A. wbecf@brockandscott.com, mario.hanyon@brockandscott.com

MATTHEW K. FISSEL

on behalf of Creditor WELLS FARGO BANK N.A. bkgroup@kmllawgroup.com, matthew.fissel@brockandscott.com

TERRY P. DERSHAW

7trustee@gmail.com  PA66@ecfcbis.com;7trustee@gmail.com

United States Trustee

USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Tarani A. Johnson

FILED
DEC 15 2025
CLERK OF COURT
BY _____ DEP CLERK

Case No 22-12668
Chapter 7

# EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PROHIBITING SHERIFF SALE SCHEDULED FOR JANUARY 6, 2026

Debtor, Tarani A. Johnson, respectfully moves this Court on an emergency basis pursuant to 11 U.S.C. § 105(a) and Fed. R. Civ. P. 65 (incorporated by Fed. R. Bankr. P. 7065) for entry of a Temporary Restraining Order prohibiting Wells Fargo Bank, N.A., its agents, attorneys, and the Sheriff of Philadelphia County from conducting a sheriff sale on January 6, 2026 of the property located at: **2285 Bryn Mawr Avenue, Philadelphia, PA 19131**.

## EMERGENCY NATURE OF THIS MOTION

**This motion is filed on an emergency basis because Wells Fargo Bank, N.A. has scheduled a sheriff sale of Debtor's residence for January 6, 2026—just days away.**

**The scheduled sale violates the permanent discharge injunction under 11 U.S.C. § 524(a)(2) and will cause irreparable harm to Debtor if not immediately enjoined.**

Debtor received a discharge in this case on March 1, 2023. The discharge operates as a permanent injunction prohibiting collection of discharged debts. The discharge operates as a permanent injunction under 11 U.S.C. § 524(a)(2) prohibiting any act to collect, recover, or offset discharged debts."

**Debtor's purported debt to Wells Fargo was discharged because Wells Fargo has no valid judgment**—as confirmed by the Philadelphia Court of Common Pleas, which found on December 3, 2024 that "there is no judgment on the docket" and on February 4, 2025 declared all enforcement *"void and a nullity."* **Despite knowing no judgment exists, Wells Fargo falsely represented to this Court that "an in rem judgment was entered" and obtained relief from the automatic stay through fraud. Without a valid judgment, Wells Fargo has no secured interest. The entire purported debt is unsecured and was discharged, yet Wells Fargo continues to pursue collection.**

Despite this, Wells Fargo is proceeding with a sheriff sale of Debtor's residence on January 6, 2026 to collect the discharged purported debt, in direct violation of the permanent discharge injunction under § 524(a)(2). Immediate relief is necessary to prevent this violation.

## BACKGROUND

### A. THE BANKRUPTCY CASE AND DISCHARGE

1. Debtor filed a voluntary petition under Chapter 13 on October 3, 2022, which was converted to Chapter 7 on October 31, 2022.

2. Debtor received a discharge on March 1, 2023

3. The discharge created a permanent injunction under 11 U.S.C. § 524(a)(2) that prohibits any act to collect, recover, or offset the discharged purported debt.

### B. WELLS FARGO'S CLAIM AND LACK OF VALID JUDGMENT

4. Wells Fargo filed Proof of Claim No. 3-1 asserting a secured claim based on an alleged foreclosure judgment from the Philadelphia Court of Common Pleas.

5. **However, no judgment was ever entered.**

6. On December 3, 2024, Judge Joshua Roberts of the Court of Common Pleas examined the state court docket and found: "*There is no judgment on the docket.*" (Transcript, Dec. 3, 2024, p. 4, line 22) (see *Exhibit A*).

7. Judge Roberts further stated: "*I'm not sure a writ ever should have been issued. There was no judgment. You couldn't execute on something.*" (Id., p. 8, lines 14-16).

8. Judge Roberts declared: "*[E]verything that occurred after the non-jury entry of a finding is void ab initio.*" (Id., p. 12, line 5).

9. On February 4, 2025, Judge Roberts entered an Order setting aside the previous sheriff sale and finding: "*all of the execution and enforcement proceedings that transpired are void and a nullity.*" (Order, Feb. 4, 2025, Footnote 1) (see *Exhibit B*).

10. **When confronted by Judge Roberts, Wells Fargo's counsel admitted knowledge of the missing judgment:** "*I know that, Judge.*" (Transcript, Dec. 3, 2024, p. 4, line 23).

11. **Without a valid judgment, Wells Fargo has no secured interest in the property. The entire purported debt is unsecured and was discharged.**

### C. THE PENDING SHERIFF SALE

12. Despite the state court's findings and the discharge of the purported debt, Wells Fargo has scheduled a sheriff sale of the property for **January 6, 2026**.

13. This sale is being conducted through new counsel, Robertson, Anschutz, Schneid, Crane & Partners, PLLC.

14. **The sale constitutes an act to collect, recover, or offset the discharged purported debt in direct violation of 11 U.S.C. § 524(a)(2).**

15. Debtor has provided notice to Wells Fargo, its counsel, the Sheriff of Philadelphia County, and the state court regarding the discharge injunction and bankruptcy proceedings, but Wells Fargo continues to proceed with the sale.

### D. RELATED BANKRUPTCY COURT PROCEEDINGS

16. Debtor has filed or is filing the following motions:

    a. Motion for Order to Show Cause Re: Civil Contempt for violations of the discharge injunction;

    b. Emergency Motion to Reopen Bankruptcy Case to pursue additional relief; and

    c. Motion to Vacate Order (upon reopening) seeking to vacate the fraudulently-obtained relief from stay.

17. **This Emergency TRO is necessary to preserve the status quo pending resolution of these motions.**

## LEGAL STANDARD

18. A temporary restraining order may be issued without notice to the adverse party if:

(1) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury will result before notice can be served; and

(2) the movant certifies efforts made to give notice or reasons supporting the claim that notice should not be required.

>Fed. R. Civ. P. 65(b)(1), incorporated by Fed. R. Bankr. P. 7065.

19. To obtain a TRO, the movant must show:

> (1) a reasonable probability of success on the merits;
>
> (2) irreparable harm if the relief is not granted;
>
> (3) the harm to the movant outweighs the harm to the non-movant; and
>
> (4) the public interest favors granting relief.
>
> *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015).

# ARGUMENT

## I. DEBTOR HAS A STRONG LIKELIHOOD OF SUCCESS

20. Section 524(a)(2) provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such purported debt as a personal liability of the debtor."

21. **The discharge injunction is permanent and applies to all discharged debts.**

22. Wells Fargo's purported debt to Debtor was discharged because:

    **a.** Wells Fargo has no valid judgment (confirmed by state court);

    **b.** Without a judgment, Wells Fargo has no secured interest;

    **c.** The entire purported debt is therefore unsecured; and

    **d.** Unsecured debts are discharged in Chapter 7.

23. **Conducting a sheriff sale to collect a purported discharged debt violates § 524(a)(2).**

24. Courts have consistently held that post-discharge collection activities violate the discharge injunction. *In re Bessette*, 482 B.R. 686 (Bankr. D.N.H. 2012); *In re Duke*, 79 F.3d 43 (7th Cir. 1996).

25. **Debtor has a strong likelihood of prevailing on the claim that Wells Fargo is violating the discharge injunction.**

## II. DEBTOR WILL SUFFER IRREPARABLE HARM

26. Debtor will suffer irreparable harm if the January 6, 2026 sheriff sale proceeds:

    **Loss of Home:** Debtor will lose her residence of many years, causing severe emotional and practical harm.

    **Violation of Federal Law:** The sale violates the permanent discharge injunction, undermining the fresh start provided by bankruptcy law.

    **Difficulty Unwinding Sale:** Once the property is sold to a third-party purchaser, it becomes extremely difficult to unwind the transaction, even if later found void.

    **Emotional Distress:** Losing one's home causes severe emotional distress that cannot be adequately compensated with money damages.

    **Inability to Remedy:** Money damages cannot remedy the loss of Debtor's home or the violation of her federal bankruptcy rights.

27. **These harms are irreparable and cannot be adequately remedied by money damages.**

### III. THE BALANCE OF HARMS FAVORS DEBTOR

28. The harm to Debtor (loss of home, violation of federal rights) far outweighs any harm to Wells Fargo from a brief postponement of the sale.

29. Wells Fargo will suffer no significant harm from postponing the sale while this Court resolves the pending motions regarding:

    - Whether Wells Fargo violated the discharge injunction;
    - Whether Wells Fargo obtained relief from the automatic stay through fraud; and
    - Whether the automatic stay should be extended retroactively.

30. Moreover, **Wells Fargo has no valid claim to enforce**:

    - The state court found no judgment exists;
    - The state court declared all enforcement "void and a nullity";
    - Wells Fargo's counsel admitted knowing no judgment exists;
    - The purported debt was discharged in bankruptcy.

31. **Wells Fargo cannot claim harm from being prevented from violating federal law.**

### IV. THE PUBLIC INTEREST FAVORS GRANTING RELIEF

32. The public interest strongly favors enforcing the discharge injunction and the integrity of bankruptcy law.

33. The discharge is "central to the purposes of the Bankruptcy Code" and provides debtors with a "fresh start." *Grogan v. Garner*, 498 U.S. 279, 286 (1991).

34. Allowing Wells Fargo to proceed with a sale in violation of the discharge injunction would:

    - Undermine the bankruptcy discharge;
    - Encourage creditors to violate federal law;
    - Harm the integrity of the bankruptcy system; and
    - Deny Debtor the fresh start Congress intended.

35. **The public interest strongly favors preventing violations of federal bankruptcy law.**

### V. IMMEDIATE RELIEF IS NECESSARY

36. The sheriff sale is scheduled for **January 6, 2026**—just days away.

37. Once a sale occurs, the harm becomes much more difficult to remedy.

38. **This Court has the authority under 11 U.S.C. § 105(a) to issue any order necessary to carry out the provisions of the Bankruptcy Code, including orders enforcing the discharge injunction.**

39. **Immediate issuance of a TRO is necessary to prevent irreparable harm and preserve this Court's ability to provide meaningful relief on the pending motions.**

## NOTICE EFFORTS

40. Due to the emergency nature of this motion and the imminent date of the sale, Debtor requests that the TRO be issued without advance notice to Wells Fargo.

41. However, Debtor has previously provided comprehensive notice to Wells Fargo and its counsel regarding:

    - The discharge and permanent discharge injunction;
    - The pending Motion for Contempt;

- The state court findings (no judgment, enforcement void); and
- The potential consequences of proceeding with the sale.

42. Wells Fargo has been on notice of these issues for weeks but continues to proceed with the sale.

43. Debtor will immediately serve this motion and any TRO issued upon Wells Fargo and its counsel.

## CONCLUSION

For the foregoing reasons, Debtor respectfully requests that this Court issue a Temporary Restraining Order immediately prohibiting the January 6, 2026 sheriff sale and schedule an expedited hearing on a preliminary injunction.

**WHEREFORE, Debtor respectfully requests that this Court:**

1. Issue a Temporary Restraining Order prohibiting Wells Fargo Bank, N.A., its agents, attorneys, and the Sheriff of Philadelphia County from conducting the sheriff sale scheduled for January 6, 2026;

2. Schedule an expedited hearing on a preliminary injunction within 14 days;

3. Order Wells Fargo and its counsel to show cause why they should not be held in contempt for violating the discharge injunction; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: December 15, 2025

Respectfully submitted,

By: /s/ Johnson, tarani-alike, sui juris
Tarani-Alike Johnson, *sui juris*

## CERTIFICATION

I, Tarani-Alike Johnson hereby certify that this Emergency Motion for Temporary Restraining Order is being filed without notice to the adverse party due to the imminent nature of the threatened harm (sheriff sale scheduled for January 6, 2026) and the fact that immediate and irreparable injury will result if the sale proceeds before Wells Fargo can be heard in opposition. Debtor has previously provided comprehensive notice to Wells Fargo regarding the discharge injunction and related issues, and will serve this motion and any order immediately upon Wells Fargo and its counsel.

Respectfully submitted,

By: /s/ Johnson tarani-alike, sui juris
Tarani-Alike Johnson, *sui juris*