IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Tarani A. Johnson

Case No 22-12668

Chapter 7

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PROHIBITING SHERIFF SALE SCHEDULED FOR JANUARY 6, 2026 (AMENDED)**

Debtor, Tarani A. Johnson, respectfully moves this Court on an emergency basis pursuant to 11 U.S.C. § 105(a) and Fed. R. Civ. P. 65 (incorporated by Fed. R. Bankr. P. 7065) for entry of a Temporary Restraining Order prohibiting Wells Fargo Bank, N.A., its agents, attorneys, and the Sheriff of Philadelphia County from conducting a sheriff sale on January 6, 2026 of the property located at:     **2285 Bryn Mawr Avenue, Philadelphia, PA 19131**.

### EMERGENCY NATURE OF THIS MOTION

**This motion is filed on an emergency basis because Wells Fargo Bank, N.A. has scheduled a sheriff sale of Debtor's residence for January 6, 2026—just days away.**

**The scheduled sale violates the permanent discharge injunction under 11 U.S.C. § 524(a)(2) and will cause irreparable harm to Debtor if not immediately enjoined.**

Debtor received a discharge in this case on March 1, 2023. The discharge operates as a permanent injunction prohibiting collection of discharged debts. The discharge operates as a permanent injunction under 11 U.S.C. § 524(a)(2) prohibiting any act to collect, recover, or offset discharged debts."

**Debtor's purported debt to Wells Fargo was discharged because Wells Fargo has no valid judgment**—as confirmed by the Philadelphia Court of Common Pleas, which found on December 3, 2024 that "there is no judgment on the docket" and on February 4, 2025 declared all enforcement *"void and a nullity."* **Despite knowing no judgment exists, Wells Fargo falsely represented to this Court that "an in rem judgment was entered" and obtained relief from the automatic stay through fraud.** Without a valid judgment, Wells Fargo **has no enforceable judgment-based secured interest,** and any asserted secured status is unenforceable under applicable non-bankruptcy law. The debt was discharged as a personal liability, and Wells Fargo lacks any lawful basis to proceed with execution or sheriff sale.

Despite this, Wells Fargo is proceeding with a sheriff sale of Debtor's residence on January 6, 2026 to collect the discharged purported debt, in direct violation of the permanent discharge injunction under § 524(a)(2). Immediate relief is necessary to prevent this violation.

# BACKGROUND

## A. THE BANKRUPTCY CASE AND DISCHARGE

1. Debtor filed a voluntary petition under Chapter 13 on October 3, 2022, which was converted to Chapter 7 on October 31, 2022.

2. Debtor received a discharge on March 1, 2023

3. The discharge created a permanent injunction under 11 U.S.C. § 524(a)(2) that prohibits any act to collect, recover, or offset the discharged purported debt.

## B. WELLS FARGO'S CLAIM AND LACK OF VALID JUDGMENT

4. Wells Fargo filed Proof of Claim No. 3-1 asserting a secured claim based on an alleged foreclosure judgment from the Philadelphia Court of Common Pleas.

5. **However, no judgment was ever entered.**

6. On December 3, 2024, Judge Joshua Roberts of the Court of Common Pleas examined the state court docket and found: "*There is no judgment on the docket.*" (Transcript, Dec. 3, 2024, p. 4, line 22) (see *Exhibit A*).

7. Judge Roberts further stated: "*I'm not sure a writ ever should have been issued. There was no judgment. You couldn't execute on something.*" (Id., p. 8, lines 14-16).

8. Judge Roberts declared: "*[E]verything that occurred after the non-jury entry of a finding is void ab initio.*" (Id., p. 12, line 5).

9. On February 4, 2025, Judge Roberts entered an Order setting aside the previous sheriff sale and finding: "*all of the execution and enforcement proceedings that transpired are void and a nullity.*" (Order, Feb. 4, 2025, Footnote 1) (see *Exhibit B*).

10. **When confronted by Judge Roberts, Wells Fargo's counsel admitted knowledge of the missing judgment:** "*I know that, Judge.*" (Transcript, Dec. 3, 2024, p. 4, line 23).

11. **Without a valid judgment, Wells Fargo no enforceable judgment-based secured interest**, and any asserted secured status is unenforceable under applicable non-bankruptcy law. The debt was discharged **as a personal liability**, and Wells Fargo lacks any lawful basis to proceed with execution or sheriff sale.

12. C. THE PENDING SHERIFF SALE

13. Despite the state court's findings and the discharge of the purported debt, Wells Fargo has scheduled a sheriff sale of the property for **January 6, 2026.**

14. This sale is being conducted through new counsel, Robertson, Anschutz, Schneid, Crane & Partners, PLLC.

15. **The sale constitutes an act to collect, recover, or offset the discharged purported debt in direct violation of 11 U.S.C. § 524(a)(2).**

16. Debtor has provided notice to Wells Fargo, its counsel, the Sheriff of Philadelphia County, and the state court regarding the discharge injunction and bankruptcy proceedings, but Wells Fargo continues to proceed with the sale.

## D. RELATED BANKRUPTCY COURT PROCEEDINGS

17. Debtor has filed or is filing the following motions:

    a. Motion for Order to Show Cause Re: Civil Contempt for violations of the discharge injunction;

    b. Emergency Motion to Reopen Bankruptcy Case to pursue additional relief; and

c. Motion to Vacate Order (upon reopening) seeking to vacate the fraudulently-obtained relief from stay.

18. **This Emergency TRO is necessary to preserve the status quo pending resolution of these motions.**

## LEGAL STANDARD

19. A temporary restraining order may be issued without notice to the adverse party if:

    (1) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury will result before notice can be served; and

    (2) the movant certifies efforts made to give notice or reasons supporting the claim that notice should not be required.

    Fed. R. Civ. P. 65(b)(1), incorporated by Fed. R. Bankr. P. 7065.

20. To obtain a TRO, the movant must show:

    (1) a reasonable probability of success on the merits;

    (2) irreparable harm if the relief is not granted;

    (3) the harm to the movant outweighs the harm to the non-movant; and

    (4) the public interest favors granting relief.

    *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015).

## ARGUMENT

### I. DEBTOR HAS A STRONG LIKELIHOOD OF SUCCESS

21. Section 524(a)(2) provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such purported debt as a personal liability of the debtor."

22. **The discharge injunction is permanent and applies to all discharged debts.**

23. Wells Fargo's purported debt to Debtor was discharged because:

    a. Wells Fargo has no valid judgment (confirmed by state court);

    b. Without a judgment, Wells Fargo lacks any enforceable judgment-based secured interest;

    c. Any asserted secured status is unenforceable under applicable non-bankruptcy law; and

    d. The debt was discharged as a personal liability, rendering post-discharge enforcement unlawful.

24. **Conducting a sheriff sale to collect a purported discharged debt violates § 524(a)(2).**

25. Courts have consistently held that post-discharge collection activities violate the discharge injunction. *In re Bessette*, 482 B.R. 686 (Bankr. D.N.H. 2012); *In re Duke*, 79 F.3d 43 (7th Cir. 1996).

26. **Debtor has a strong likelihood of prevailing on the claim that Wells Fargo is violating the discharge injunction.**

### II. DEBTOR WILL SUFFER IRREPARABLE HARM

27. Debtor will suffer irreparable harm if the January 6, 2026 sheriff sale proceeds:

    **Loss of Home:** Debtor will lose her residence of many years, causing severe emotional and practical harm.

    **Violation of Federal Law:** The sale violates the permanent discharge injunction, undermining the fresh start provided by bankruptcy law.

## NOTICE EFFORTS

41. Due to the emergency nature of this motion and the imminent date of the sale, Debtor requests that the TRO be issued without advance notice to Wells Fargo.

42. However, Debtor has previously provided comprehensive notice to Wells Fargo and its counsel regarding:
    - The discharge and permanent discharge injunction;
    - The pending Motion for Contempt;
    - The state court findings (no judgment, enforcement void); and
    - The potential consequences of proceeding with the sale.

43. Wells Fargo has been on notice of these issues for weeks but continues to proceed with the sale.

44. Debtor will immediately serve this motion and any TRO issued upon Wells Fargo and its counsel.

## CONCLUSION

For the foregoing reasons, Debtor respectfully requests that this Court issue a Temporary Restraining Order immediately prohibiting the January 6, 2026 sheriff sale and schedule an expedited hearing on a preliminary injunction.

**WHEREFORE, Debtor respectfully requests that this Court:**

1. Issue a Temporary Restraining Order prohibiting Wells Fargo Bank, N.A., its agents, attorneys, and the Sheriff of Philadelphia County from conducting the sheriff sale scheduled for January 6, 2026;

2. Schedule an expedited hearing on a preliminary injunction within 14 days;

3. Order Wells Fargo and its counsel to show cause why they should not be held in contempt for violating the discharge injunction; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: December 19, 2025

Respectfully submitted,

By: Johnson, Tarani-Alike, sui juris
Tarani-Alike Johnson, *sui juris*

## CERTIFICATION

I, Tarani-Alike Johnson hereby certify that this Emergency Motion for Temporary Restraining Order (amended) is being filed with notice. Debtor has previously provided comprehensive notice to Wells Fargo regarding the discharge injunction and related issues, and will serve this motion and any order immediately upon Wells Fargo and its counsel.

12/19/25

Respectfully submitted,

By: /s/ Johnson, tarani-alike, sui juris
Tarani-Alike Johnson, *sui juris*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Tarani A. Johnson

Case No 22-12668
Chapter 7

## TEMPORARY RESTRAINING ORDER

Upon consideration of Debtor's Emergency Motion for Temporary Restraining Order Prohibiting Sheriff Sale Scheduled for January 6, 2026 (the "Motion"), and the Court being otherwise fully advised, it is hereby:

**FOUND:**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Court has the authority under 11 U.S.C. § 105(a) to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code, including orders enforcing the discharge injunction under 11 U.S.C. § 524(a)(2).

4. Debtor received a discharge in this case on [DATE], which created a permanent injunction under 11 U.S.C. § 524(a)(2).

5. The discharge injunction prohibits "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2).

6. Wells Fargo Bank, N.A. has scheduled a sheriff sale of Debtor's residence located at 2285 Bryn Mawr Avenue, Philadelphia, PA 19131 for January 6, 2026.

7. The Philadelphia Court of Common Pleas has found that no judgment was entered in the underlying foreclosure action and that "all of the execution and enforcement proceedings that transpired are void and a nullity." (Order dated February 4, 2025).

8. Without a valid judgment, Wells Fargo has no secured interest in the property, and the debt is unsecured and was discharged.

9. Conducting a sheriff sale to collect a discharged debt constitutes a violation of the permanent discharge injunction under 11 U.S.C. § 524(a)(2).

10. Debtor has demonstrated:

a. A reasonable probability of success on the merits of the claim that Wells Fargo is violating the discharge injunction;

b. Irreparable harm if the sheriff sale proceeds, including loss of Debtor's home and violation of federal bankruptcy rights;

c. The harm to Debtor substantially outweighs any harm to Wells Fargo from a brief postponement; and

d. The public interest favors enforcing the discharge injunction and preventing violations of federal bankruptcy law.

11. Immediate and irreparable injury will result to Debtor if the sheriff sale proceeds before Wells Fargo can be heard in opposition.

12. The requirements for issuance of a temporary restraining order under Fed. R. Civ. P. 65(b), incorporated by Fed. R. Bankr. P. 7065, have been satisfied.

**ORDERED:**

1. Debtor's Emergency Motion for Temporary Restraining Order is **GRANTED**.

2. Wells Fargo Bank, N.A., its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order are **TEMPORARILY RESTRAINED AND ENJOINED** from:

a. Conducting, proceeding with, or participating in the sheriff sale of the property located at 2285 Bryn Mawr Avenue, Philadelphia, PA 19131, scheduled for January 6, 2026;

b. Taking any action to sell, transfer, or convey said property through sheriff sale or any other enforcement proceeding;

c. Taking any act to collect, recover, or offset the discharged debt from Debtor; and

d. Taking any other action in violation of the discharge injunction under 11 U.S.C. § 524(a)(2).

3. The Sheriff of Philadelphia County, upon receipt of actual notice of this Order, is **DIRECTED** to:

a. Cancel the sheriff sale of 2285 Bryn Mawr Avenue, Philadelphia, PA 19131, scheduled for January 6, 2026;

b. Refrain from conducting any sale of said property pending further order of this Court; and

c. Provide written confirmation to Debtor's counsel and this Court within two (2) business days that the sale has been cancelled.

4. This Temporary Restraining Order shall remain in effect for **fourteen (14) days** from the date of issuance, unless extended by this Court or dissolved upon motion.

5. A hearing on Debtor's request for a preliminary injunction is scheduled for _____, 202__ at _____.m. in Courtroom _____, United States Bankruptcy Court, 900 Market Street, Philadelphia, PA 19107.

6. Wells Fargo Bank, N.A. may file a response to the Motion and a motion to dissolve this Temporary Restraining Order no later than _____, 202__ (**seven (7) days** from the date of this Order).

7. No security is required of Debtor for the issuance of this Temporary Restraining Order, as enforcement of the discharge injunction is necessary to carry out the provisions of the Bankruptcy Code and serves the public interest.

8. Debtor shall serve a copy of this Order upon:

   a. Wells Fargo Bank, N.A. (via its registered agent);

   b. Robertson, Anschutz, Schneid, Crane & Partners, PLLC (current counsel for Wells Fargo);

   c. Powers Kirn LLC (former counsel for Wells Fargo);

   d. Sheriff Rochelle Bilal, Sheriff of Philadelphia County; and

   e. The United States Trustee.

9. Service shall be accomplished by electronic filing (ECF), email, and overnight courier within **twenty-four (24) hours** of the issuance of this Order.

10. **VIOLATION OF THIS ORDER** may result in the violator being held in civil or criminal contempt of court and subject to sanctions, including but not limited to fines, imprisonment, and payment of attorney's fees and costs to Debtor.

11. Any person who knowingly violates this Order may be personally liable under 11 U.S.C. § 362(k) for actual damages, including attorney's fees, and in appropriate circumstances, punitive damages.

12. This Order shall take effect immediately upon issuance and shall remain in full force and effect as provided herein.


BY THE COURT:
DATE: _____

_____
Hon. Derek Baker
United States Bankruptcy Judge