IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Tarani A. Johnson

Case No 22-12668

Chapter 7

# EMERGENCY MOTION TO REOPEN BANKRUPTCY CASE TO ADDRESS FRAUD ON THE COURT, VOID STAY RELIEF, AND TO ENFORCE THE AUTOMATIC STAY AND DISCHARGE INJUNCTION
(AMENDED)

Debtor, Tarani A. Johnson ("Debtor"), respectfully moves this Court on an emergency basis pursuant to 11 U.S.C. § 350(b), Fed. R. Bankr. P. 5010, and this Court's inherent powers, for the purpose of filing a Motion to Vacate Order and pursuing other necessary relief, and states:

## BACKGROUND

1. This bankruptcy case was filed on October 3, 2022 as a Chapter 13 case and converted to Chapter 7 on October 31, 2022.

2. Debtor received a discharge on March 1, 2023 and the case was closed on April 4, 2023

3. During the pendency of this case, Wells Fargo Bank, N.A. ("Wells Fargo") filed a Motion for Relief from the Automatic Stay on November 1, 2022.

4. On January 5, 2023, this Court entered an Order denying Debtor's motion to extend the automatic stay as to Wells Fargo and denying extension of the automatic stay as to Wells Fargo and imposing judgment-dependent prospective relief pursuant to 11 U.S.C § 105 (the "Order").

5. Debtor now seeks to reopen this case for the limited purpose of filing a Motion to Vacate the Order pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6), incorporated by Fed. R. Bankr. P. 9024, and to preserve the Court's inherent authority under Rule 60(d)(3). The Motion to Vacate will further describe the misconduct at issue, including conduct encompassed by Rule 60(b)(3), without relying on that subsection as an independent basis for relief.

# EMERGENCY NATURE OF THIS MOTION

**This motion is filed on an emergency basis for the following critical reasons:**

1. **Fraud Upon This Court:** Wells Fargo Bank, N.A. ("Wells Fargo") obtained relief from the automatic stay by falsely representing to this Court that it possessed a valid foreclosure judgment. **The state court judge has now confirmed that no judgment was ever entered and that all enforcement proceedings are "void ab initio."**

2. **Ongoing Harm:** Wells Fargo continues to pursue enforcement actions in state court based on the fraudulently-obtained bankruptcy order. Every day this fraud remains unremedied causes continuing harm to Debtor and undermines the integrity of this Court's proceedings.

3. **Time-Sensitive:** Wells Fargo may proceed with additional enforcement actions at any time. Debtor has filed an Emergency Motion to Stay in state court, but that court may be reluctant to stay proceedings without this Court first addressing the fraudulently-obtained bankruptcy order.

4. **Automatic Stay Implications:** If this Court grants the forthcoming Motion to Vacate and extends the automatic stay retroactively, Wells Fargo's ongoing state court actions may constitute violations of 11 U.S.C. § 362, creating additional liability and legal complexity.

**Immediate reopening is necessary to enable Debtor to file her Motion to Vacate and prevent Wells Fargo from continuing to benefit from its fraud upon this Court.**

## I. JURISDICTION

5. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157.

6. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G), and (O).

## II. BASIS FOR REOPENING

7. A bankruptcy case may be reopened "to accord relief to the debtor or for other cause." 11 U.S.C. § 350(b).

8. Newly discovered evidence establishes that **Wells Fargo Bank, N.A. obtained stay-related relief based on a materially false representation**—namely, that a valid Pennsylvania foreclosure judgment existed.

9. On February 4, 2025 (entered February 7, 2025), **Judge Joshua Roberts of the Philadelphia Court of Common Pleas expressly ruled that no judgment ever existed**, and that all execution proceedings were **void ab initio**.

10. This finding did not exist, and could not have been presented, at the time of the 2022 stay proceedings.

## III. FRAUD ON THE COURT

### A. The Bankruptcy Case and Fraudulently-Obtained Order

11. On November 1, 2022, Wells Fargo filed a Motion for Relief from the Automatic Stay (Doc. 30)

12. In that motion, Wells Fargo made the following false representations:

>   a. "The Petition was filed to prevent Wells Fargo from selling the Property at a sheriff's sale later that day, **in execution of a foreclosure judgment**" (Doc. 30, ¶ 2) (emphasis added).
>
>   b. "On March 8, 2018, **an in rem judgment was entered in favor of Wells Fargo** in the Foreclosure Action... (the 'Foreclosure Judgment')" (Doc. 30, ¶ 13) (emphasis added).

13. **These statements were false. No judgment was ever entered.**

14. At the November 1, 2022 bankruptcy hearing, Wells Fargo's counsel affirmatively represented that "there's a judgment and there's a writ, we are at sheriff's sale."

15. At the hearing on November 1, 2022, Debtor, appearing pro se, explicitly told this Court: *"There's no judgment"* and *"There was a verdict, but there was no final order by the Court."* (Transcript, Nov. 1, 2022, p. 20, lines 6-9). (attached as *Exhibit A*)

16. **Wells Fargo's counsel remained silent and did not correct Debtor's truthful statement.**

17. The Bankruptcy Court expressly relied on that representation in framing its rulings.

18. On January 5, 2023, this Court entered an Order (Doc. 113) (the "Order") denying Debtor's motion to extend the automatic stay as to Wells Fargo and denying extension of the automatic stay as to Wells Fargo and imposing judgment-dependent prospective relief pursuant to 11 U.S.C. § 105.

19. The Order explicitly referenced **"the State Court Judgment"** and **"Wells Fargo's foreclosure sale"** — proving this Court relied on Wells Fargo's false representations.

20. The Order applied the Rooker-Feldman doctrine, which applies only when there is a valid final state court judgment.

### B. State Court Exposure of the Fraud

21. On December 3, 2024, Judge Joshua Roberts of the Court of Common Pleas of Philadelphia County examined the foreclosure docket during a hearing on a related ejectment action.

22. **Judge Roberts made the following findings:** (attached as *Exhibit B*)

>   a. *"There is no judgment on the docket."* (Transcript, Dec. 3, 2024, p. 4, line 22).
>
>   b. *"I'm not sure a writ ever should have been issued. There was no judgment. You couldn't execute on something."* (Id., p. 8, lines 14-16).

    c. *"There is no actual judgment. That is the problem. There was no actual judgment."* (Id., p. 11, lines 1-2).

    d. *"[E]verything that occurred after the non-jury entry of a finding is void ab initio."* (Id., p. 12, line 5).

23. **When confronted by Judge Roberts, Wells Fargo's counsel admitted knowledge:** "*I know that, Judge.*" (Id., p. 4, line 23).

24. On February 4, 2025, Judge Roberts entered an Order setting aside the sheriff's sale.

25. In that Order, Judge Roberts found: *"There is nothing in the law where a judgment can be 'created' by estoppel or conduct of the parties. Quite simply, there is no judgment against Ms. Johnson, meaning all of the execution and enforcement proceedings that transpired are void and a nullity."* (Order, Feb. 4, 2025, Footnote 1) (attached as *Exhibit C*).

26. Subsequent sworn admissions by Wells Fargo's counsel before Judge Roberts confirm that **no judgment ever existed** and that prior bankruptcy arguments assumed one incorrectly.

27. This constitutes **fraud on the court** under Fed. R. Civ. P. 60(d)(3), incorporated by Fed. R. Bankr. P. 9024.

## IV. NECESSITY OF EMERGENCY REOPENING and IMMEDIATE RELIEF

28. Wells Fargo continues to pursue enforcement actions in state court based on the fraudulently-obtained bankruptcy Order.

29. Wells Fargo is presently pursuing further execution and sheriff sale activity, including a sale scheduled for January 6, 2026.

30. **Debtor cannot file a Motion to Vacate the Order while this case is closed.**

31. **Emergency reopening is therefore necessary to enable Debtor to immediately file her Motion to Vacate and prevent Wells Fargo from continuing to benefit from its fraud.**

32. Because all judgment-dependent enforcement is void, continued execution threatens **irreparable harm** and ongoing violations of federal bankruptcy protections.

## V. LEGAL STANDARD

33. Section 350(b) of the Bankruptcy Code provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

34. Courts liberally grant motions to reopen bankruptcy cases.

35. Reopening is particularly appropriate when necessary to correct fraud upon the court or to remedy injustice.

## VI. ARGUMENT

36. This case should be reopened to allow Debtor to seek relief from the fraudulently-obtained Order.

37. Debtor intends to file a Motion to Vacate the Order pursuant to Fed. R. Civ. P. 60(b)(4) and 60(b)(6), incorporated by Fed. R. Bankr. P. 9024, and to preserve the Court's inherent authority under Rule 60(d)(3).

38. Debtor intends to file a Motion to Vacate Order under Fed. R. Civ. P. 60(b)(3), (4), and (6) on the grounds that:

   a. Wells Fargo obtained the Order through fraud, misrepresentation, and misconduct (Rule 60(b)(3));

   b. The Order is void because it applied the Rooker-Feldman doctrine based on a non-existent state court judgment (Rule 60(b)(4)); and

   c. Extraordinary circumstances warrant relief (Rule 60(b)(6)).

39. Reopening is necessary because Debtor cannot file the Motion to Vacate while the case is closed.

40. The interests of justice strongly favor reopening. Wells Fargo perpetrated fraud upon this Court, deprived Debtor of bankruptcy protection for two years, and caused substantial harm.

41. No party will be prejudiced by reopening. Wells Fargo obtained the Order through fraud and should not be permitted to benefit from that fraud.

42. The state court has already confirmed that no judgment exists and that all enforcement proceedings are void. This Court should reopen the case to remedy the fraud perpetrated upon it.

## VII. CONCLUSION

For the foregoing reasons, Debtor respectfully requests that this Court reopen this bankruptcy case to allow her to file a Motion to Vacate the fraudulently-obtained Order and pursue other necessary relief.

## VIII. RELIEF REQUESTED

**WHEREFORE, Debtor respectfully requests that the Court:**

a. Reopen Case No. 22-12668;

b. Allow Debtor to file a Motion to Vacate;

c. Retain jurisdiction to vacate void stay relief and enforce the Bankruptcy Code;

d. Grant such further relief as justice requires.

Respectfully submitted,

Date: 12/19/25

By: Johnson, Tarani-alike, sui juris
Tarani-Alike Johnson, *sui juris*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Tarani A. Johnson

Case No 22-12668

Chapter 7

# ORDER

AND NOW, upon consideration of Debtor's Emergency Motion to Reopen Bankruptcy and to Vacate Void Stay Relief, it is hereby ORDERED:

1. Bankruptcy Case No. 22-12668 is REOPENED.
2. All execution, sheriff sale, writs, ejectment, or possession actions relating to the property located at **2285 Bryn Mawr Avenue, Philadelphia, PA** are **STAYED IMMEDIATELY**.
3. Wells Fargo Bank, N.A., its agents, counsel, and the Sheriff of Philadelphia County are ENJOINED from taking any further enforcement action pending further order of this Court.
4. This Order is effective immediately upon entry.

BY THE COURT:

_____

**J.**