IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Tarani A. Johnson

Case No 22-12668

Chapter 7

# MOTION FOR ORDER TO SHOW CAUSE
# WHY WELLS FARGO BANK, N.A. AND ITS COUNSEL SHOULD
# NOT BE HELD IN CIVIL CONTEMPT
# FOR WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION.
## (AMENDED)

Debtor Tarani A. Johnson, respectfully moves this Court, **upon reopening of this case,** pursuant to 11 U.S.C. § 105(a) and the Court's inherent authority, for an **Order to Show Cause** directing Wells Fargo Bank, N.A. ("Wells Fargo"), Powers Kirn LLC, Jill Manuel-Coughlin, Esquire, Harry B. Reese, Esquire, Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Michael Troy Feedman, Esq., Cierra-Zadiyah Leshay Mendez, Esq., Danielle R. Dreier, Esq., Danielle A. Coleman, Esq., Brandon D. Pack, Esq., (collectively, "Respondents") to appear and explain why they should not be held in **civil contempt** for **willfully violating the permanent discharge injunction under 11 U.S.C. § 524(a)(2).**

## INTRODUCTION

This motion addresses Respondents' **systematic violations of the permanent discharge injunction that arose upon entry of Debtor's discharge. Despite having no valid judgment and knowing the debt was discharged, Respondents continued collection activities for years, including sheriff sales, enforcement proceedings, and state court litigation.**

**This motion is not premised on disputed facts. It is grounded in:**

1. **A final Chapter 7 discharge** entered in 2023;
2. **Post-discharge judicial enforcement activity** by Wells Fargo premised on a supposed foreclosure judgment;
3. **A 2025 state-court ruling** conclusively determining that **no foreclosure judgment ever existed** and that all execution proceedings were **void ab initio**; and
4. **On-the-record admissions by Wells Fargo's counsel** acknowledging that prior enforcement and bankruptcy arguments were based on an incorrect assumption that a judgment existed.

Under *Taggart v. Lorenzen, 587 U.S. 554 (2019)*, contempt is appropriate where there is **no objectively reasonable basis** to believe the creditor's conduct was lawful. That standard is now plainly met.

Debtor seeks an order finding Respondents in civil contempt and awarding compensatory damages, and attorney's fees.

## JURISDICTION AND AUTHORITY

5. This Court has jurisdiction under **28 U.S.C. §§ 1334 and 157**.
6. This is a core proceeding under **28 U.S.C. § 157(b)(2)(A), (O)**.
7. This Court has inherent and statutory authority under **11 U.S.C. § 105(a)** to enforce its orders and injunctions.
8. The discharge injunction under **11 U.S.C. § 524(a)(2)** is a **permanent court order**, enforceable by contempt.

## FACTUAL BACKGROUND (UNDISPUTED)

### A. The Discharge

9. **Debtor filed a voluntary petition under Chapter 13 on October 3, 2022, which was converted to Chapter 7 on October 31, 2022.**
10. Debtor received a discharge on March 1, 2023
11. The discharge injunction under 11 U.S.C. § 524(a)(2) immediately and permanently prohibited collection of any discharged debt.

### B. Wells Fargo's Discharged Debt

12. In **November 2022**, Wells Fargo represented to this Bankruptcy Court that a foreclosure judgment and writ existed and sought relief based on that premise.
13. Wells Fargo filed Proof of Claim No. 3-1 asserting a secured claim of $986,808.04.
14. Wells Fargo based its secured status on alleged foreclosure rights **explicitly stemming from a purported state court judgment.**
15. **However, no judgment was ever entered in state court, as confirmed by the state court judge.**
16. **On** February 4, 2025 (entered February 7, 2025), **the** Philadelphia Court of Common Pleas (Hon. Joshua Roberts) **ruled that:**

    - **No foreclosure judgment was ever entered;**
    - A judgment **cannot be created by conduct, estoppel, or assumption;** and
    - All execution and sheriff's sale proceedings were **void and legal nullities.**

17. **In the aforementioned hearing,** Wells Fargo's counsel conceded on the record **that the prior bankruptcy arguments and enforcement posture assumed a judgment that did not exist.**
18. These misrepresentations later formed the basis for Debtor's Motion to Vacate the January 5, 2023 Order under Fed. R. Civ. P. 60(b)(4) and Rule 60(d)(3).

19. **Without a valid judgment, Wells Fargo lacked any enforceable judgment-based secured interest and had no objectively reasonable basis to believe it could lawfully invoke judicial enforcement mechanisms.**

20. **Debtor received a Chapter 7 discharge on March 1, 2023, extinguishing all in personam liability to Wells Fargo.**

21. The debt was discharged as a personal liability upon entry of Debtor's discharge, eliminating any lawful basis for post-discharge collection activity.

### C. Post-Discharge Collection Activities

22. **Despite the discharge, Wells Fargo continued the following collection activities:**

    a. Pursued sheriff sales based on void enforcement proceedings;

    b. Filed ejectment actions in state court;

    c. Attempted to enforce the non-existent judgment;

    d. Maintained claims to the property based on the discharged debt; and

    e. Took other actions to collect, recover, or offset the discharged debt.

22. **Each of these actions violated the permanent discharge injunction under § 524(a)(2).**

### D. Wells Fargo's Knowledge

23. **Wells Fargo's violations were willful because:**

    a. Wells Fargo was a party to this bankruptcy case and received notice of the discharge;

    b. Wells Fargo's counsel are bankruptcy specialists who knew about the discharge injunction;

    c. Wells Fargo knew no judgment existed — counsel admitted "I know that, Judge" when confronted in state court (Transcript, Dec. 3, 2024, p. 4, line 23);

    d. Wells Fargo continued collection activities for years, not as a one-time mistake; and

    e. Wells Fargo perpetrated fraud on this Court to obtain relief from stay, showing intentional disregard for legal obligations.

## LEGAL STANDARD

24. Section 524(a)(2) provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor."

25. To establish contempt for violating the discharge injunction, Debtor must prove: (1) the discharge was granted; (2) the debt was discharged; and (3) the creditor took action to collect the debt. *In re Bessette*, 482 B.R. 686, 692 (Bankr. D.N.H. 2012).

26. In **Taggart v. Lorenzen**, the Supreme Court held that civil contempt is appropriate where:

*"There is no objectively reasonable basis for concluding that the creditor's conduct might be lawful."*

27. For willful contempt warranting compensatory sanctions, Debtor must show the creditor knew of the discharge and intentionally violated it. *In re Duke*, 79 F.3d 43, 45 (7th Cir. 1996).

28. Willfulness does **not** require intent to violate the law—only intent to commit the acts that violate the injunction.

# ARGUMENT

## I. RESPONDENTS VIOLATED THE DISCHARGE INJUNCTION

29. **The three elements for contempt are easily satisfied:**

**Element 1 — Discharge Granted:** Debtor received a discharge on March 1, 2023

**Element 2 — Debt Discharged:** Following entry of the discharge, Wells Fargo lacked any objectively reasonable basis to believe it could lawfully pursue judicial enforcement, because no foreclosure judgment existed and all execution proceedings were void.

**Element 3 — Collection Action:** Wells Fargo pursued sheriff sales, ejectment, and other enforcement actions post-discharge.

## II. THE VIOLATIONS WERE WILLFUL

### A. Wells Fargo Engaged in Post-Discharge Collection Activity

30. Wells Fargo did not merely "passively retain a lien."

31. It invoked **coercive judicial machinery**—execution, sale, possession, and bankruptcy relief—tools that **require a valid judgment** under Pennsylvania law.

32. **This case does not concern passive lien retention; it concerns affirmative invocation of <u>void judicial process after discharge.</u>**

33. Because no judgment existed, these acts were **not lawful in rem enforcement** but **void judicial collection activity** undertaken after discharge.

### B. There Was No Objectively Reasonable Basis for the Conduct

33. Even before 2025, the existence of a judgment was **disputed and challenged**.

34. After the **Judge Roberts ruling**, any possible ambiguity was eliminated.

35. Continuing to rely on judgment-based enforcement **after a judicial determination that no judgment existed** leaves Wells Fargo with **no objectively reasonable basis** under *Taggart*.

### C. Counsel's Conduct Is Properly Within the Scope of the OSC

36. The discharge injunction binds not only creditors but also **those who act in concert with them,** including counsel.

37. Here, counsel:
    - Repeatedly asserted the existence of a judgment;
    - Sought bankruptcy relief premised on that assertion; and
    - Later acknowledged the premise was incorrect.

38. Wells Fargo's violations were willful because it knew about the discharge and intentionally violated it.

39. Knowledge of the discharge is established by Wells Fargo's participation in the bankruptcy case and receipt of discharge notice.

40. Intent is established by:

    • Years of continued collection activity (not isolated incident);

    • Sophisticated bankruptcy counsel (knew about discharge injunction);

    • Admission of knowledge that no judgment existed; and

    • Pattern of fraudulent conduct throughout the bankruptcy case.

41. At minimum, counsel must explain **how continued enforcement was believed to be lawful** after the state-court ruling.

## III. DAMAGES

42. Debtor is entitled to compensatory damages, and attorney's fees.

### A. Compensatory Damages

43. Debtor suffered the following compensatory damages:
    - Attorney's fees defending against violations.
    - Emotional distress.
    - Economic harm (credit damage, lost opportunities).
    - Other damages.

### B. Attorney's Fees

23. Attorney's fees are mandatory for proving contempt. *In re Duke,* 79 F.3d at 45.

## CONCLUSION

Wells Fargo willfully violated the permanent discharge injunction by continuing collection activities despite knowing the debt was discharged. This Court should hold Respondents in civil contempt and award appropriate damages.

**WHEREFORE, Debtor respectfully requests that this Court:**

1. Issue an Order to Show Cause directing Respondents to appear and show cause why they should not be held in civil contempt;

2. After hearing, find Respondents in civil contempt;

3. Award compensatory damages;

5. Award attorney's fees and costs;

6. Enter coercive sanctions requiring Wells Fargo to cease all collection activities; and

7. Grant such other and further relief as the Court deems just and proper.

Dated: December 19, 2025

Respectfully submitted,

By: _____, sui juris
Tarani-Alike Johnson, sui juris

## RESPONDENTS TO BE SERVED:

**Wells Fargo Bank, N.A.**
c/o CT Corporation System (Registered Agent)
1900 Market Street
Philadelphia, PA 19103

**Powers Kirn LLC**
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053

**Jill Manuel-Coughlin, Esquire**
Powers Kirn LLC
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053

**Harry B. Reese, Esquire**
Powers Kirn LLC
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
133 Gaither Drive, Suite F
Mt. Laurel, NJ 08054

**Michael Troy Feedman, Esq.,**
133 Gaither Drive, Suite F
Mt. Laurel, NJ 08054

**Cierra-Zadiyah Leshay Mendez, Esq.,**
133 Gaither Drive, Suite F
Mt. Laurel, NJ 08054

**Danielle R. Dreier, Esq.,**
133 Gaither Drive, Suite F
Mt. Laurel, NJ 08054

**Danielle A. Coleman, Esq.,**
133 Gaither Drive, Suite F
Mt. Laurel, NJ 08054

**Brandon D. Pack, Esq.,**
133 Gaither Drive, Suite F
Mt. Laurel, NJ 08054

**Undersheriff Tarig K. El-Shabazz, Esq.**
Philadelphia Sheriff's Office
100 South Broad Street, 5th Floor
Philadelphia, PA 19110

**AND:**

**United States Trustee** (assigned)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Tarani A. Johnson　　　　　　　　　　　　Case No 22-12668
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7

## ORDER TO SHOW CAUSE

Upon consideration of Debtor's Motion for Order to Show Cause Why Wells Fargo Bank, N.A. and Its Counsel Should Not Be Held in Civil Contempt for Willful Violation of the Discharge Injunction (the "Motion"), and for good cause shown, it is hereby

**ORDERED:**

1. Wells Fargo Bank, N.A. ("Wells Fargo"), Powers Kirn LLC, Jill Manuel-Coughlin, Esquire, Harry B. Reese, Esquire, Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Michael Troy Feedman, Esq., Cierra-Zadiyah Leshay Mendez, Esq., Danielle R. Dreier, Esq., Danielle A. Coleman, Esq., Brandon D. Pack, Esq., (collectively, "Respondents") shall **SHOW CAUSE** before this Court why they should not be held in civil contempt for willful violation of the permanent discharge injunction under 11 U.S.C. § 524(a)(2).

2. A hearing on this Order to Show Cause is scheduled for _____, 202__ at _____ _.m. in Courtroom _____, United States Bankruptcy Court, 900 Market Street, Philadelphia, PA 19107.

3. Respondents shall file a written response to the Motion no later than _____, 202__ **(fourteen (14) days** from the date of this Order), setting forth all defenses and explanations why they should not be held in contempt.

4. Respondents' written response shall address the following:

a. Whether Respondents received notice of Debtor's discharge;

b. Whether Respondents took any action to collect, recover, or offset the discharged debt after the discharge was entered;

c. Whether Respondents were aware that no judgment had been entered in the state court foreclosure action;

d. Whether Wells Fargo's debt to Debtor was secured or unsecured in light of the absence of any valid judgment;

e. What post-discharge collection activities, if any, Respondents engaged in, including but not limited to: sheriff sales, enforcement proceedings, ejectment actions, and other attempts to obtain possession of the property or enforce the debt; and

**f.** Why Respondents should not be held in contempt and ordered to pay compensatory damages, punitive damages, and attorney's fees to Debtor.

5. Debtor may file a reply to Respondents' response no later than _____, 202\_\_ (seven (7) days before the hearing).

6. At the hearing, Respondents shall be prepared to present evidence and testimony regarding:

**a.** All post-discharge collection activities;

**b.** Knowledge of the discharge and the discharge injunction;

**c.** Knowledge that no judgment had been entered in state court;

**d.** The basis for any claimed secured interest in the property; and

**e.** Any other facts or circumstances relevant to whether Respondents violated the discharge injunction.

7. **FAILURE TO APPEAR** at the hearing or **FAILURE TO FILE A TIMELY RESPONSE** may result in Respondents being held in contempt by default and the imposition of sanctions, including compensatory damages, punitive damages, and attorney's fees.

8. This Order to Show Cause shall be served upon Respondents by Debtor's counsel via electronic filing (ECF), email, and certified mail, return receipt requested, within **three (3) business days** of the date of this Order.

9. The United States Trustee is directed to receive notice of this Order and the hearing.

10. Respondents are **CAUTIONED** that any further collection activities while this Order to Show Cause is pending may constitute additional contempt and result in enhanced sanctions.

11. The burden is on Respondents to demonstrate why they should **NOT** be held in contempt.

BY THE COURT:

DATE: _____

_____
Hon. Derek Baker
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Tarani A. Johnson                           Case No 22-12668
                                                   Chapter 7

---

## ORDER TO SHOW CAUSE

Upon consideration of Debtor's Motion for Order to Show Cause Why Wells Fargo Bank, N.A. and Its Counsel Should Not Be Held in Civil Contempt for Willful Violation of the Discharge Injunction (the "Motion"), and for good cause shown, it is hereby

**ORDERED:**

1. Wells Fargo Bank, N.A. ("Wells Fargo"), Powers Kirn LLC, Jill Manuel-Coughlin, Esquire, Harry B. Reese, Esquire, Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Michael Troy Feedman, Esq., Cierra-Zadiyah Leshay Mendez, Esq., Danielle R. Dreier, Esq., Danielle A. Coleman, Esq., Brandon D. Pack, Esq., (collectively, "Respondents") shall **SHOW CAUSE** before this Court why they should not be held in civil contempt for willful violation of the permanent discharge injunction under 11 U.S.C. § 524(a)(2).

2. A hearing on this Order to Show Cause is scheduled for _____, 202__ at _____ _.m. in Courtroom _____, United States Bankruptcy Court, 900 Market Street, Philadelphia, PA 19107.

3. Respondents shall file a written response to the Motion no later than _____, 202__ **(fourteen (14) days** from the date of this Order), setting forth all defenses and explanations why they should not be held in contempt.

4. Respondents' written response shall address the following:

**a.** Whether Respondents received notice of Debtor's discharge;

**b.** Whether Respondents took any action to collect, recover, or offset the discharged debt after the discharge was entered;

**c.** Whether Respondents were aware that no judgment had been entered in the state court foreclosure action;

**d.** Whether Wells Fargo's debt to Debtor was secured or unsecured in light of the absence of any valid judgment;

**e.** What post-discharge collection activities, if any, Respondents engaged in, including but not limited to: sheriff sales, enforcement proceedings, ejectment actions, and other attempts to obtain possession of the property or enforce the debt; and

**f.** Why Respondents should not be held in contempt and ordered to pay compensatory damages, punitive damages, and attorney's fees to Debtor.

5. Debtor may file a reply to Respondents' response no later than _____, 202__ (seven **(7) days** before the hearing).

6. At the hearing, Respondents shall be prepared to present evidence and testimony regarding:

**a.** All post-discharge collection activities;

**b.** Knowledge of the discharge and the discharge injunction;

**c.** Knowledge that no judgment had been entered in state court;

**d.** The basis for any claimed secured interest in the property; and

**e.** Any other facts or circumstances relevant to whether Respondents violated the discharge injunction.

7. **FAILURE TO APPEAR** at the hearing or **FAILURE TO FILE A TIMELY RESPONSE** may result in Respondents being held in contempt by default and the imposition of sanctions, including compensatory damages, punitive damages, and attorney's fees.

8. This Order to Show Cause shall be served upon Respondents by Debtor's counsel via electronic filing (ECF), email, and certified mail, return receipt requested, within **three (3) business days** of the date of this Order.

9. The United States Trustee is directed to receive notice of this Order and the hearing.

10. Respondents are **CAUTIONED** that any further collection activities while this Order to Show Cause is pending may constitute additional contempt and result in enhanced sanctions.

11. The burden is on Respondents to demonstrate why they should **NOT** be held in contempt.

BY THE COURT:

DATE: _____

_____
Hon. Derek Baker
United States Bankruptcy Judge