# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>**Tarani A. Johnson,**<br>　　　　　　Debtor.<br><br>**WELLS FARGO BANK, N.A.,**<br>　　　　　　Respondent. | Bankruptcy **22-12668**<br><br>Chapter 13<br><br>Related to Doc. Nos. **159, 160, 161** |

## COMBINED RESPONSE TO DEBTOR'S AMENDED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, AMENDED MOTION FOR ORDER TO SHOW CAUSE (CONTEMPT), AMENDED EMERGENCY MOTION TO REOPEN BANKRUPTCY

COMES NOW, WELLS FARGO BANK, N.A ("Secured Creditor") and files its Combined Response to Debtor's Amended Emergency Motion for Temporary Restraining Order, Amended Motion for Order to Show Cause (Contempt), Amended Emergency Motion to Reopen Bankruptcy (Related to Doc. Nos. 159, 160, 161) and states as follows:

1. Secured Creditor holds an interest in Debtor's real property located at 2285 Bryn Mawr Avenue, Philadelphia, PA 19131 (the "Collateral"). The mortgage interest is a consensual lien entered into by the Debtor on June 5, 2007, and was duly recorded on July 25, 2007 (see Proof of Claim )POC) 12-1.

2. Upon information and belief, the Collateral is the Debtor's primary residence.

3. On December 19, 2025, the Debtor filed Amended Emergency Motion for Temporary Restraining Order, Amended Motion for Order to Show Cause (Contempt), Amended Emergency Motion to Reopen Bankruptcy (Related to Doc. Nos. 159, 160, 161). For the

reasons set forth below, counsel for Secured Creditor asserts that each motion should be denied, and this completed and discharged Chapter 7 case should remain closed.

4. **Each motion should be denied because the Court here has no jurisdiction to rule on any of the "issues" asserted by the pro se debtor in her rambling pleadings**. This case was filed by the debtor as a Chapter 13 on October 3. 2022, and converted to a chaper 7 on November 1, 2022. The Chapter 7 Trustee made a finding of No Assets of the bankruptcy estate to be distributed to any creditors in this case The case completed to entry of a discharge on March 1, 2023, and closed on April 4, 2023. By operation of law (11 U.S.C. Sections 362(c) and 554) the automatic stay has been fully terminated and all property of the estate revested back in the Debtor by no later than April 4, 2023. Debtor has received her discharge of the personal obligation on her debts, and there is no property of the bankruptcy estate to be administered. In other words, there is completely no purpose for this case to be re-opened, as neither the Debtor nor any other party (i.e., the Chapter 7 trustee) is seeking recovery of any assets for benefit of the (now non-existent) bankruptcy estate.

5. **Each motion should be denied because each is based on a fundamental misunderstanding of the Debtor as to the effect of a Chapter 7 discharge**. As this Court has previously tried to explain to the Debtor (see the myriad of orders entered in prior case 12-20451), a Chapter 7 discharge of a personal obligation on a debt has no effect on the enforceability of a lien securing that debt. See *Dewsnup v. Timm*, 502 U.S. 401 (1992). An otherwise valid lien remains fully enforceable outside of the bankruptcy case following termination of the stay and removal of the subject collateral from property of the bankruptcy estate. The foreclosure pursued by Secured Creditor after completion of this case has fully recognized the discharge of the Debtor's personal obligation on the debt, and no personal judgment against her for any deficiency is being sought. All of the "issues" asserted by the Debtor with respect to validity of the lien are purely questions of *state* law, not bankruptcy law. In other words, there is nothing that this Court needs to determine as a matter of bankruptcy law.

6. **Each motion should be denied because the enforceability of the lien here has been determined by this and other courts, both state and federal, multiple times, and the**

**Debtor is judicially estopped from attempting to re-litigate any such "issues."** This loan has been subject to a foreclosure proceeding since at least April 2010. The Debtor here has engaged in a plethora of litigation in the state court, this bankruptcy court, and the federal district court. Debtor's assertions that the lien is unenforceable have been overruled at each and every occurrence. Indeed, the Debtor has recently been deemed a vexatious litigator by the federal court for the Eastern District of Pennsylvania, and is prohibited from bringing any new litigation in that court for a period of two years (absent prior authorization from the court). While not necessarily labelling the Debtor a vexatious litigator, this Court has in fact previously ruled on multiple occasions that there is no basis in bankruptcy law for this bankruptcy court to issue any order determining that the lien is unenforceable. The Court made this conclusion as recently as December 3, 2025, in the various orders entered on that date in prior case number 12-20451. In other words, the Debtor here is attempting in these latest pleadings to revive the very same "issues" of fact and law that she has already lost on multiple times, in multiple jurisdictions. The Court should apply the doctrine of judicial estoppel and summarily deny each motion.

7. Secured Creditor reserves the right to amend or supplement this Motion to Vacate / Motion for Reconsideration at any time prior to a scheduled hearing.

**WHEREFORE**, Secured Creditor respectfully requests this Honorable Court denies Debtor's Motions, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 2, 2026

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorneys for Secured Creditor
13010 Morris Rd., Suite 450
Alpharetta, GA   30004
Telephone: (470) 321-7112

By:   /s/ Robert Shearer
        Robert Shearer
        Pennsylvania Bar No. 83745
        Email: rshearer@raslg.com

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>**Tarani A. Johnson,**<br>　　　　　　　Debtor.<br><br>**WELLS FARGO BANK, N.A.,**<br>　　　　　　　Respondent. | Bankruptcy **22-12668**<br><br>Chapter 13<br><br>Related to Doc. Nos. **159, 160, 161** |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 2, 2026 I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and also caused a true and correct copy to be served via First Class Mail, postage prepaid and/or electronic mail, to the below Service List.

Tarani A. Johnson
2285 Bryn Mawr Avenue
Philadelphia, PA 19131

Via Electronic Mail:

JON M. ADELSTEIN
3993 Huntingdon Pike
Suite 210
Huntingdon Valley, PA 19006

GARY F. SEITZ
Gellert Scali Busenkell & Brown LLC
8 Penn Center
1628 John F. Kennedy Blvd
Suite 1901

Philadelphia, PA 19103

Office of the United States Trustee
Robert N.C. Nix Federal Building
Suite 320
Philadelphia, PA 19107

                                                       **Robertson, Anschutz, Schneid,**
                                                       **Crane & Partners, PLLC**
                                                       Attorneys for Secured Creditor
                                                       13010 Morris Rd., Suite 450
                                                       Alpharetta, GA   30004
                                                       Telephone: (470) 321-7112

                                              By:     /s/ Robert Shearer
                                                           Robert Shearer
                                                           Pennsylvania Bar No. 83745
                                                           Email: rshearer@raslg.com