IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Tarani A. Johnson

Case No 22-12668

Chapter 7

---

## MOTION FOR BRIEF ENLARGEMENT OF TIME TO FILE MOTIONS AUTHORIZED BY JANUARY 5, 2026 ORDER

Debtor, Tarani A. Johnson ("Debtor"), sui juris, respectfully moves this Court for a brief enlargement of time to file the motions authorized by the Court's Order entered January 5, 2026 [Dkt. No. 172], and in support thereof states as follows:

### I. INTRODUCTION

1. On January 5, 2026, the Court entered an Order reopening this bankruptcy case for limited purposes and authorizing the Debtor to file:
   - (a) a motion seeking to vacate the January 5, 2023 Order entered by Judge Magdeline D. Coleman; and
   - (b) a motion to enforce the Debtor's discharge,
   no later than **January 13, 2026**, with failure to do so constituting waiver.
2. The Debtor respectfully seeks a **brief and defined enlargement of time** to file those motions, for good cause shown, to ensure the Court receives a complete, accurate, and properly supported record before adjudicating issues that directly affect an imminent foreclosure sale.

### II. PROCEDURAL BACKGROUND

3. The Court held a hearing on January 5, 2026, at which the Motion to Reopen was heard and granted for limited purposes.
4. At that hearing, the Court indicated its intention to schedule a hearing on the Order to Show Cause and any motion to vacate Judge Coleman's January 5, 2023 Order on **January 28, 2026**, in fairness to Respondent Wells Fargo Bank, N.A. in light of a foreclosure sale presently scheduled for **February 3, 2026**.
5. The Debtor proceeds diligently and in good faith to comply with the Court's directives and deadlines.

### III. GOOD CAUSE FOR BRIEF ENLARGEMENT OF TIME

A. Newly Received Audio Recorded Transcript of the December 14, 2022 Hearing

6. The Debtor has **only recently received** the complete audio transcript of the December 14, 2022 hearing from which the Order to be vacated was derived.
7. That audio transcript spans approximately **six to seven hours** of proceedings and is central to:
   - identifying the precise representations made to the Court,
   - accurately framing issues of reliance and materiality, and
   - ensuring any motion to vacate is presented with appropriate specificity.
8. Filing a motion to vacate without adequate review of that transcript would risk incompleteness and inefficiency and would not serve judicial economy.

**B. Pending Mandatory Responses to Statutory Record-Authentication Requests**

9. On December 29, 2025, the Debtor served Wells Fargo Bank, N.A. with a statutory request for accounting, identification of the secured party, and collateral description pursuant to **13 Pa.C.S. § 9210 (UCC § 9-210)**.
10. Those mandatory responses remain outstanding and bear directly on issues of authority, accounting, and enforcement that are relevant to both the motion to vacate and the motion to enforce the discharge.
11. The Debtor does not assert that § 9-210 operates as an automatic stay; rather, the pending responses demonstrate diligence and the need for a complete factual record.

**C. Pending Clerk Processing of Requested Subpoenas**

12. The Debtor has requested issuance of subpoenas relevant to the authorized motions and is awaiting information from the Clerk's Office regarding processing and return.
13. These matters are outside the Debtor's control and further support a short enlargement of time.

**D. No Prejudice to Wells Fargo Bank, N.A.**

14. Wells Fargo Bank, N.A. voluntarily stayed the previously scheduled January sheriff's sale.
15. The foreclosure sale is not presently scheduled until **February 3, 2026**.
16. A brief enlargement of time will not prejudice Wells Fargo and will instead assist the Court in receiving properly developed motions ahead of the anticipated **January 28, 2026** hearing.

**IV. REQUESTED RELIEF**

17. The Debtor respectfully requests a **brief enlargement of time of seven (7) days**, extending the deadline to file the motions authorized by the January 5, 2026 Order from January 13, 2026 to **January 20, 2026**, or such other date as the Court deems appropriate.
18. The Debtor further represents that she intends to proceed expeditiously and remains prepared to participate in a January 28, 2026 hearing if the Court so directs.

**V. CONCLUSION**

19. This request is made in good faith, is narrowly tailored, and is intended to ensure that the Court receives motions supported by a complete and accurate record before ruling on matters with substantial consequences.
20. Granting this brief enlargement will promote fairness, judicial economy, and the orderly administration of justice.

**WHEREFORE, the Debtor respectfully requests that the Court grant this Motion for Brief Enlargement of Time and enter the Proposed Order submitted herewith.**

Dated: _January 12_, 2026

Respectfully submitted,

By: /s/ Johnson, tarani-alike, sui juris
Tarani-Alike Johnson, *sui juris*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Tarani A. Johnson

Case No 22-12668

Chapter 7

## ORDER GRANTING BRIEF ENLARGEMENT OF TIME

AND NOW, upon consideration of the Debtor's Motion for Brief Enlargement of Time to File Motions Authorized by the Court's January 5, 2026 Order, and for good cause shown, it is hereby ORDERED that:

1. The Motion is **GRANTED**.
2. The deadline set forth in Paragraph 4 of the Court's January 5, 2026 Order [Dkt. No. 172] is **EXTENDED**.
3. The Debtor shall file the motions authorized by that Order **on or before January 20, 2026**, or such other date as specified herein.
4. All other provisions of the Court's January 5, 2026 Order remain in full force and effect.

BY THE COURT:

_____J.
Hon. Derek J. Baker
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  Tarani A. Johnson                                             Case No 22-12668

                                                                      Chapter 7

---

## CERTIFICATION

     I, Tarani-Alike Johnson hereby certify that on this 12th day of January, 2026, this *Motion For Brief Enlargement Of Time To File Motions Authorized By January 5, 2026 Order* is being filed with notice. Debtor has previously provided comprehensive notice to Wells Fargo regarding the discharge injunction and related issues, and will serve this motion and any order immediately upon Wells Fargo, its counsel, and all interested parties to the matter.

                                      Respectfully submitted,

                                      By: /s/ J. Johnson, tarani-alike, sui juris
                                      Tarani-Alike Johnson, *sui juris*

# Exhibits A - C

| AO 436 (Rev. 04/13) | ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS |
|---|---|
| Read Instructions. | **AUDIO RECORDING ORDER** |

| 1. NAME Tarani Johnson | 2. PHONE NUMBER 215-778-1405 | 3. EMAIL ADDRESS |
|---|---|---|
| 4. MAILING ADDRESS | 5. CITY | 6. STATE | 7. ZIP CODE |

| 8. CASE NUMBER 22-12668 | 9. CASE NAME | DATES OF PROCEEDINGS |
|---|---|---|
| | | 10. FROM | 11. TO  12/14/2022 |
| 12. PRESIDING JUDGE MDC | | LOCATION OF PROCEEDINGS |
| | | 13. CITY | 14. STATE  Eastern PA |

### 15. ORDER FOR

- ☐ APPEAL
- ☐ NON-APPEAL
- ☐ CRIMINAL
- ☐ CIVIL
- ☐ CRIMINAL JUSTICE ACT
- ☐ IN FORMA PAUPERIS
- ☒ BANKRUPTCY
- ☐ OTHER (Specify)

### 16. AUDIO RECORDING REQUESTED (Specify portion(s) and date(s) of proceeding(s) for which duplicate recordings are requested.)

| PORTION(S) | DATE(S) | PORTION(S) | DATE(S) |
|---|---|---|---|
| ☐ VOIR DIRE | | ☐ TESTIMONY (Specify Witness) | |
| ☐ OPENING STATEMENT (Plaintiff) | | | |
| ☐ OPENING STATEMENT (Defendant) | | | |
| ☐ CLOSING ARGUMENT (Plaintiff) | | ☐ PRE-TRIAL PROCEEDING (Specify) | |
| ☐ CLOSING ARGUMENT (Defendant) | | | |
| ☐ OPINION OF COURT | | | |
| ☐ JURY INSTRUCTIONS | | ☒ OTHER (Specify) Entire hearing | 12/14/2022 |
| ☐ SENTENCING | | | |
| ☐ BAIL HEARING | | | |

### 17. ORDER

| | NO. OF COPIES REQUESTED | COSTS |
|---|---|---|
| ☐ DUPLICATE TAPE(S) FOR PLAYBACK ON A STANDARD CASSETTE RECORDER | | |
| ☒ RECORDABLE COMPACT DISC - CD | 1 at $34.00 each | |

CERTIFICATION (18. & 19.) By signing below, I certify that I will pay all charges (deposit plus additional) upon completion of the order.

| 18. SIGNATURE  Bro/cs/s: Johnson, tarani —alika | 19. DATE  1/13/2026 |
|---|---|

| PROCESSED BY | PHONE NUMBER |
|---|---|

| | DATE | BY | | |
|---|---|---|---|---|
| ORDER RECEIVED | | | DEPOSIT PAID | |
| DEPOSIT PAID | | | TOTAL CHARGES | 0.00 |
| TAPE / CD DUPLICATED (if applicable) | | | LESS DEPOSIT | 0.00 |
| ORDERING PARTY NOTIFIED TO PICK UP TAPE/CD (if applicable) | | | TOTAL REFUNDED | |
| PARTY RECEIVED AUDIO RECORDING | | | TOTAL DUE | 0.00 |

DISTRIBUTION:    COURT COPY    ORDER RECEIPT    ORDER COPY

EXHIBIT B

338743

**ORIGINAL
RECEIPT FOR PAYMENT
UNITED STATES BANKRUPTCY COURT**

AO 82C
(Rev. 4/91)

at _____

1-12-2026

| Fund | |
|---|---|
| — | Registry Funds |
| 6855— —* | Deposit Funds |
| 086900 | Filing Fees |
| 106000 | Forfeitures of Unclaimed Monies |
| 143500 | Interest Deposits to U.S. |
| 322350 | Copy Fees |
| 322360 | Miscellaneous Fees |
| 322380 | Recovery—Court Costs |
| 322381 | Recoveries Stand Trustee |
| 507310 | U.S. Trustee System Fund |
| 504100 | Crime Victims Fund |
| 510000 | Filings Spec. Acct. |
| 510100 | Registry Admin. Acct. |

*Last two digits same as last two digits of DO symbol

FILED 2026 JAN 12 PM 3:[?] U.S. BANKRUPTCY COURT

CASE REFERENCE: 22-12668

RECEIVED FROM Audio Transcript

$34.00 Cash rec'd

DEPUTY CLERK  Marie K.

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

EXHIBIT C

December 29, 2025

**Wells Fargo Bank, N.A.**
Custodian of Records – Secured Transactions / UCC Compliance
Legal Order Processing Department
Office of the Corporate Secretary
333 Market Street
San Francisco, CA 94105

Instrument(s) in Question:
- Original Mortgage – Instrument No. 51740927
- Promissory Fixed Rate Note – Instrument No. 0045821642
- Any rescission, cancellation, reinstatement, or lien revival instruments
- Any internal WELLS FARGO BANK, NA record authorizing foreclosure after lien cancellation

# EMERGENCY UCC § 9-210 STATUTORY REQUEST
(3-BUSINESS-DAY DEADLINE — UNAUTHORIZED SALE)
Via USPS Certified Mail, Email, and Fedex 2 Day Priority/Overnight Delivery

RE: **EMERGENCY STATUTORY DEMAND UNDER 13 Pa.C.S. § 9210**

> **Property:** 2285 Bryn Mawr Avenue, Philadelphia, PA 19131
> **Anticipated Unauthorized Sale Date:** January 6, 2026

To Corporate Secretary,

This correspondence is issued sitting in equity, and as a formal pre-litigation demand for **certified business records authentication**, directed specifically to the office of the **Corporate Secretary**, whose statutory and fiduciary role includes maintaining and certifying the corporate records of **Wells Fargo Bank, NA** and ensuring integrity of executed corporate instruments.

This demand does **NOT** concern consumer complaint administration. This is **NOT** a customer service inquiry. This is a **certified equity record-authentication demand** in accordance with **13 Pa.C.S. § 9210.**

There currently exists a dispute as to whether Wells Fargo Bank, NA possessed lawful, corporate-authorized, strictly-compliant foreclosure authority at the time actions were taken.
Accordingly, we require a certified corporate authentication of Wells Fargo Bank's claimed authority.

## NOTICE OF STATUTORY BASIS

This correspondence constitutes a **formal statutory request for an accounting and identification of the secured party** pursuant to 13 Pa.C.S. § 9210 (UCC § 9-210).

This is NOT:

- a mortgage statement request,
- a RESPA QWR, or
- a consumer servicing inquiry.

**It is a secured-transactions demand directed to the claimed secured party.**

**CORPORATE SECRETARY OBLIGATION – GAAP AUTHENTICATION AND ACCOUNTING OVERSIGHT**

Any corporate assertion that a payment is presently due constitutes a representation that the claimed amount is supported by the company's official books and records. Under **U.S. GAAP**, including **ASC 606** (Revenue from Contracts with Customers), **ASC 860** (Transfers and Servicing of Financial Assets), and **ASC 230** (Statement of Cash Flows), such representations must be capable of verification through complete, reconciled, certified, and authenticated internal accounting records.

The Corporate Secretary is the officer responsible for maintaining the integrity of the corporation's official records and for certifying that representations made in the corporation's name are supported by those records. Where an asserted obligation to pay is challenged for lack of authentication, GAAP requires the corporation to be able to demonstrate, through its official books and custodian-certified records, that:

1. Entitlement exists and any claimed amount reflects earned consideration not subject to constraint or reversal (ASC 606);
2. Ownership or authorized servicing capacity exists, identifying the principal on whose behalf payment is demanded (ASC 860); and
3. Cash-flow treatment is internally consistent, such that any payments demanded or received are properly classified and reconciled to the corporation's ledger (ASC 230).

Consumer-facing statements or summaries do not satisfy these requirements. If the corporation elects to continue asserting that payment is due, GAAP obligates it to support that assertion with authenticated, ledger-level records maintained in the ordinary course of business and certified by a qualified custodian. Absent such authentication, the corporation cannot responsibly maintain or advance a claim of continuing entitlement.

This request is made in good faith to permit verification and reconciliation at the corporate-records level and to avoid the need for escalation or dispute.

**MANDATORY CORPORATE SECRETARY AUTHENTICATION**

Certified corporate authentication of instruments relied upon
Produce certified corporate records evidencing that each of the following were lawful, valid, and enforceable at the moment of use:

- Original Mortgage relied upon
- Substitution of Trustee (if applicable)
- Trustee's Deed / Sheriff's
- Any reinstatement or cancellation rescissions
- Any foreclosure notices and publication instruments relied upon
- Any "authority to cancel" directives

**Certification <u>must</u> confirm**:

- they were executed by duly authorized corporate personnel
- they reflect an existing legal interest at execution
- no mistake, fraud, clerical error, or internal dispute existed
- the corporate chain of authorization was intact

**Certification must confirm:**

Authorization granted by the Board of Directors to Harry B Reese, Jill Manuel Laughlin, Rhonda Payne Harmon, Sarah E. Meyer, Michael Troy Freedman, Cierra-Zadiyah Leshay Mendez, Danielle R. Dreier, Queen N. Stewart, Danielle A. Coleman, Brandon D. Pack, Robert Shearer, and Louis A Bayles to act on behalf of Wells Fargo Bank, NA.

Authorization for any the above noted attorneys to represent Wells Fargo Bank, NA in any form concerning this matter.

Written authorization shall show authority granted from the Board of Directors, signed by authorized corporate personnel, granting any of the above listed attorneys or any other attorney, associated with POWER KIRN LLC; POWERS KIRN & ASSOCIATES LLC; WOMBLE BOND DICKINSON (US) LLP; ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC; BROCK AND SCOTT, LLP; and REED SMITH LLP authority to foreclose, sell, defend or respond to any court proceeding, motion or notice from a court, represent the interest of, act in the capacity of General Counsel on behalf of, or act as a directly hired, third party debt collector for Wells Fargo Bank, NA as granted by the Board of Directors of Wells Fargo Bank, NA.

## RELATION-BACK & EMERGENCY BASIS

Wells Fargo Bank, N.A. has been on **continuous written notice since at least June 2019** that:

- the existence of any obligation is disputed,
- the identity of the creditor is disputed, and
- foreclosure authority is contested.

Those prior demands include repeated written notices in **2019, 2020, 2022, and 2025** (via USPS CERTIFIED MAIL RETURN RECEIPT # **7019 0700 0000 6632 4751, 7017 3380 0000 9203 2142, 7018 1130 0000 7497 8361, 7020 1810 0000 8236 4891;** REGISTERED MAIL **RE327506244US;** USPS PRIORITY MAIL EXPRESS RETURN RECEIPT EJ 823 871 081 US respectively), all of which sought ownership, authority, and accounting verification and were met with **non-response, diversion, or servicing boilerplate**.

This request **does not seek new information**.
It seeks **certification of records Wells Fargo already claims to rely upon** while simultaneously pursuing a forced sale of the property on **January 6, 2026**.

Because enforcement activity is imminent, and because Wells Fargo has had **years of notice**, compliance is required on an **abbreviated emergency basis**.

## STATUTORY DEMANDS (MANDATORY)

Pursuant to **13 Pa.C.S. § 9210**, Wells Fargo Bank, N.A. must provide:

**A. Accounting of the Secured Obligation**

A certified accounting stating:

1. Whether any unpaid secured obligation is currently claimed;
2. The exact amount claimed;
3. All credits, offsets, satisfactions, discharges, cancellations, or extinguishments;
4. The date and legal basis of any alleged reinstatement or revival.

### B. Identification of Collateral

A certified statement identifying:

1. The collateral allegedly securing the obligation;
2. The legal basis for asserting that any lien remains enforceable.

### C. Party Entitled to Enforce

Certification identifying:

1. The present secured party;
2. The capacity in which Wells Fargo claims authority (principal, trustee, servicer, agent);
3. The corporate record establishing such authority.

### CERTIFICATION REQUIREMENTS

The response **must** be:

- executed by a **Custodian of Records for Secured Transactions**,
- based on **ledger-level business records**, and
- authenticated under corporate authority with a certification under Corporate Seal and Corporate Secretary attestation.

    Note: Unsigned correspondence, responses issued by customer services

Responses from servicers, foreclosure counsel, or "customer service" **do not satisfy § 9-210**.

## DEADLINE

Because a foreclosure sale is being pursued on **January 6, 2026**, and because Wells Fargo has been on notice for years, Wells Fargo is afforded:

**Three (3) business days from receipt** to fully comply; returned to:

**Tarani-Alike Johnson:**     45 East City Avenue, Suite 503, Bala Cynwyd, Pennsylvania 19004

Failure to comply will be treated as **conclusive inability to authenticate an enforceable secured obligation**.

        Respectfully issued in equity,

        Bye: /cs/ S. Johnson, tarani-alik Ko, Master Agent
        Tarani-Alike Johnson, Master Agent for
        TARANI A. JOHNSON, mortgagor

cc: Wells Fargo Bank N.A. Indenture Trustee, Patrick Giordano, Corporation Service Company - Jae Hall, registered agent (CA) POWER KIRN LLC and/or POWERS KIRN & ASSOCIATES LLC; WOMBLE BOND DICKINSON (US) LLP; ROBERTSON,