# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>**Tarani A. Johnson,**<br>　　　　　　　　Debtor.<br><br>**WELLS FARGO BANK, N.A.,**<br>　　　　　　　　Respondent. | Bankruptcy **22-12668**<br><br>Chapter 13<br><br>Related to Doc. Nos. **185, 186** |

## COMBINED RESPONSE TO DEBTOR'S MOTIONS TO VACATE ORDER ENTERED JANUARY 5, 2023 (doc 185) and MOTION TO SHOW CAUSE (doc 186)

COMES NOW, WELLS FARGO BANK, N.A ("Secured Creditor") and files its Combined Response to Debtor's Motions filed on January 13, 2026. For the reasons stated below, both Motions should be DENIED by the Court.:

1. Secured Creditor holds an interest in Debtor's real property located at 2285 Bryn Mawr Avenue, Philadelphia, PA 19131 (the "Collateral"). The mortgage interest is a consensual lien entered into by the Debtor on June 5, 2007, and was duly recorded on July 25, 2007 (see Proof of Claim (POC) 12-1.

2. Since this loan went into default more than sixteen (16) years ago (the loan is delinquent and due for the January 2009 and all subsequent payments), the Debtor has engaged in a protracted series of over thirty (30) different attempts to litigate essentially the same question – is Secured Creditor entitled to proceed with its efforts to foreclose on the collateral securing this seriously delinquent debt? In every single instance the answer from courts at both the state and federal level has been a resounding "yes."

3. Notwithstanding this extensive history or repeated, failed efforts to prevent this lawful foreclosure of the collateral from proceeding, following the last hearing held on January 5, 2026, the Court allowed the Debtor file two (and only two) new motions, to seek whatever relief she thinks she is entitled to under the circumstances. The Debtor filed the instant two motions on January 13, 2026.

4. The first reason the Motion to Vacate should be summarily denied is it is statutorily untimely. Bankruptcy Rule 9024 makes the Federal Rules of Civil Procedure applicable to bankruptcy cases. FRCP Rule 60(b)(c)(1) sets a hard deadline of filing a motion to vacate an order at no longer than one year from entry of that order. See <u>Blom Bank SAL v. Honickman</u>, 605 U.S. ____ , 145 S..Ct.. 1612 (2025). The first Motion (doc 185) seeks to vacate the order entered by Judge Coleman entered in this case on January 5, 2023, *more than three years ago*.

5. The order the Motion seeks to vacate (doc 113) essentially did two things: First, it ruled that the automatic stay initially imposed when this case was filed on October 3, 2022 expired by operation of law as to the Wells Fargo debt as of November 2, 2022 (31st day after filing) pursuant to 11 U.S.C. Section 362(c)(3). Second, that the Debtor was further estopped from using any subsequent bankruptcy filings to continue her abuse of the protections of the bankruptcy code, and ordered under the court's broad equitable powers under 11 U.S.C. Section 105 that the automatic stay under 11 U.S.C. Section 362(a) would not be imposed by the filing of any new bankruptcy case filed within two years of entry of the order.

6. Even if the Motion were filed timely, there is utterly no purpose to be served by vacating the order entered by Judge Coleman after hearing and the opportunity for Debtor to make her case in opposition, as to termination of the stay under 362(c)(3). In that order Judge Coleman gave a thorough and fully reasoned basis as to why it was both denying the Debtor's motion to extend the stay (which occurred by operation of law) and imposing the two year re-filing prohibition. Even if the Court today were inclined for any reason (and there is none) to vacate this prior order and include the stay extended as to Secured Creditor's debt, the automatic stay arguably terminated by operation of law again as of March 1, 2023 (based upon the Trustee's No Asset Report (effective abandonment) entered on January 26, 2023 and the Discharge entered on March 1, 2023), pursuant to 11 U.S.C. Section 362(c)(1) and (2).

Inarguably the stay would have terminated when the case was closed on March 20, 2023, under the same code section..

7. Thus even if the Court were to vacate today the January 5, 2023 order denying the extension of the stay as to Secured Creditor's debt today, ***there would still be NO automatic stay in effect to prohibit the state foreclosure action from proceeding in due course outside of the bankruptcy.*** Other than the automatic stay imposed under 362(a), there has never been any order entered in this or any other case that enjoins Secured Creditor from proceeding with its lawful right to foreclosure on the collateral in state court proceeding. Even if the January 5, 2023 order were vacated, due to the termination of the stay on either March 1, 2023 (based on trustee abandonment and discharge) or March 20, 2023 (based on closure of the case), Secured Creditor is fully entitled to proceed with its right to continue prosecution of the in rem foreclosure in state court. Even if the Court were to consider the automatic stay extended the absolute outside termination date of March 20, 2023, no critical events took place in the foreclosure case from January 5, 2025 to that March 20, 2023 date.

8. And there is similarly no purpose to be served by vacating the order prohibiting the Debtor from including the debt/property in any new bankruptcy case. The two year prospective prohibition period has already expired, as of January 6, 2025 (two years after the challenged order was entered).

9. Thus the Motion to Vacate the January 5, 2023 order (doc 185) should be denied as fully moot.

10. In the Motion to Show Cause (doc 186) the pro se Debtor alleges that the continuation of the state court foreclosure case after entry of the discharge (in either prior case 12-20451 on March 13, 2014 or in this case on March 1, 2023) violated the discharge injunction. However, that argument is premised on the pro se Debtor's fundamental misunderstanding of the effect of a Chapter 7 discharge. As both this Court and Judge Baker in the prior 2012 case have tried to explain to the Debtor, entry of a discharge eliminates the ability of a creditor to seek any in personam collection against the debtor, individually, but it does NOT affect the right of a Secured Creditor to enforce its contractual rights against the collateral, in rem. This is longstanding and fundamental bankruptcy law (see *Dewsnup v. Timm*, 502 U.S. 401, 417 (1992), "[L]iens pass through bankruptcy unaffected."

11. Debtor has made no allegation that the foreclosure action was seeking any collection against her personally. To the contrary, Secured Creditor is in fact seeking solely enforcement of the lien in rem against the collateral. *Because the foreclosure is not seeking any in personam deficiency judgment, the Motion to Show Cause must be denied.*

12. Counsel for Secured Creditor herein re-asserts that the Court lacks jurisdiction to make any finding that the state foreclosure proceeding cannot proceed. As asserted in pleadings filed in both this case and prior case 12-20451, Debtor has received her discharge of the personal obligation on her debts, and there is no property of the bankruptcy estate to be administered. The only legitimate purpose for this Court to exercise any jurisdiction over any "issue" would be to ultimately determine that there is a potential asset of the bankruptcy estate to be administered in this case. Here there is no such potential asset, and thus *there is no basis for the Court to exercise any further jurisdiction in this matter*. This is exactly what Judge Baker determined when the Debtor asserted (unsuccessfully) these very same arguments in prior case 12-20451 (see his orders entered in that case on December 3, 2025). In other words, the pro se Debtor here has already lost on these very same arguments and issues, and is estopped from seeking any contrary ruling by this Court. See *Southern Pacific Railroad Co. V. United States*, 168 U.S. 1 (1897).

**WHEREFORE**, Secured Creditor respectfully requests this Honorable Court denies Debtor's Motions, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 20, 2026

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorneys for Secured Creditor
13010 Morris Rd., Suite 450
Alpharetta, GA  30004
Telephone: (470) 321-7112

By: /s/ Robert Shearer
    Robert Shearer
    Pennsylvania Bar No. 83745
    Email: rshearer@raslg.com

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| In re: <br><br> **Tarani A. Johnson,** <br>                    Debtor. <br><br> **WELLS FARGO BANK, N.A.,** <br>                    Respondent. | Bankruptcy **12-bk-20451** <br><br> Chapter 13 <br><br> Related to Doc. Nos. **159, 160, 161** |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 20, 2026 I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and also caused a true and correct copy to be served via First Class Mail, postage prepaid and/or electronic mail, to the below Service List.

Tarani A. Johnson
2285 Bryn Mawr Avenue
Philadelphia, PA 19131

Via Electronic Mail:

JON M. ADELSTEIN
3993 Huntingdon Pike
Suite 210
Huntingdon Valley, PA 19006

GARY F. SEITZ
Gellert Scali Busenkell & Brown LLC
8 Penn Center
1628 John F. Kennedy Blvd
Suite 1901

Philadelphia, PA 19103

Office of the United States Trustee
Robert N.C. Nix Federal Building
Suite 320
Philadelphia, PA 19107

                              **Robertson, Anschutz, Schneid,**
                              **Crane & Partners, PLLC**
                              Attorneys for Secured Creditor
                              13010 Morris Rd., Suite 450
                              Alpharetta, GA   30004
                              Telephone: (470) 321-7112

                              By: /s/ Robert Sghearer
                                    Robert Shearer
                                    Pennsylvania Bar No. 83745
                                    Email: rshearer@raslg.com