**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>TARANI A. JOHNSON<br>Debtor<br><br>POWERS KIRN, LLC<br>JILL MANUEL-COUGHLIN<br>HARRY B. REESE<br><br>　　　　　　Movants,<br>v.<br><br>TARANI A. JOHNSON<br>　　　　　　Respondent. | Case No. 22-12668 DJB<br>Chapter 7 |

**MOTION FOR RECONSIDERATION OF THIS
COURT'S JANUARY 5, 2026 ORDER REOPENING BANKRUPTCY CASE FOR
LIMITED PURPOSES AND MOTION TO RECUSE JUDGE BAKER**

Powers Kirn, LLC, Jill Manuel-Coughlin, Esquire and Harry B. Reese, Esquire (collectively, "POWERS KIRN"), by and through its counsel, Powers Kirn, LLC, ( Jill Manuel-Coughlin on behalf of the firm), hereby files this Motion for Reconsideration of this Court's January 5, 2026 Order and Motion to Recuse and in support of the same states as follows:

**JURISDICTION AND VENUE**

1. This Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. §§ 157. Under 28 U.S.C. § 157(a), "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title".

2. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

3. A Motion for Reconsideration must establish (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) an amendment or alteration of judgment is needed to correct a clear error or prevent manifest injustice. *North River Ins., Co. v. CIGNA Reinsurance Co.,* 42 F.3d 1194, 1218 (3d Cir. 1995).

4. The moving party cannot succeed by merely proffering arguments based on evidence available at the time of entry of the judgment. *See, e.g., Harsco Corp. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration.").

5. Granting a motion for reconsideration is an extraordinary remedy. *In re Home Health Corp. of Am., Inc.,* 268 B.R. 74, 76 (Bankr.D.Del. 2001).

6. Powers Kirn, LLC hereby files this Motion for Reconsideration because the Debtor's plethora of motions filed fail to establish a meritorious reason for reopening a fully administered Chapter 7 case. In accordance with this Court's direction, on January 13, 2026 the Debtor filed her Motion to Vacate the Order entered January 5, 2023.

7. With the clarified motion filings on January 13th it appears that the Debtor's intent is to vacate this Court's January 5, 2023 Order that was recorded in the Philadelphia County Recorder of Deeds on March 22, 2023 as Document ID 54161375, a copy of which is attached hereto as Exhibit "A". Both paragraph 8 of the proposed Order and 11 U.S.C. §362(d)(4) clearly provide that if the court order is recorded the order acts as a bar for any future bankruptcy filings for a period of two years after the entry of the Order. Here, the Order was entered on January 5, 2023. By operation of law, and per the terms of

    the Order, the two years expired on January 5, 2025. This means that the Debtor is not barred from continuing her plethora of vexatious litigation and frivolous bankruptcy filings to continue to avoid paying her mortgage since <u>January **1, 2009**</u>. *See* Document 30, filed 11/01/2022, paragraph 30.

8. Accordingly, there is no legitimate purpose for the reopening of this 2022 Chapter 7 case, where the debtor received a discharge if the intent is to simply undue the bar as to future bankruptcy filings.

9. Section 524 (a)(2) of the bankruptcy code states: "(a) A discharge in a case under this title operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any such debt as a personal liability, whether or not discharge of such debt is waived." The purpose for the statutory injunction "is to give complete effect to the discharge and to eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts." *In re Armstead,* 1997 WL 860677 at 3 (Bankr. E.D. Pa. Nov. 7, 1997) (quoting H.R. Rep. No. 595, 95th Congress, 1st Sess. 365-66 (1977). The key phrase in section 524(a)(2) is "as a personal liability of the debtor." A secured creditor's demand for payment as a condition of satisfying a valid lien on property is not an act to collect a debt "as a personal liability of the debtor" prohibited by section 524 (a)(2). This is because "valid liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt." *Estate of Lellock v. Prudential Ins. Co. of America*, 811 F. 2d 186, 189 (3d Cir. 1987). Secured creditors "are not prevented from post-discharge enforcement of a valid lien on property of the debtor … if the lien was not avoided under Code." 4 Collier on Bankruptcy section 524.02 [2] [d] (Allen and. Resnick, Henry J. Sommer eds. 16th ed. 2012); also see *Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S. Ct. 2150, 115 L. Ed. 2d 66 (1991) (noting that "a discharge extinguishes only the personal liability of the debtor… a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy").

10. In as much as the mortgage lien rides through and survives any discharge order, the Debtor's bankruptcy case should not have been reopened, as there can be no violation of any discharge injunction when a secured creditor seeks to enforce its in rem legal rights. Moreover, there can be no violation for a discharge Order for a secured creditor's legal counsel simply doing its job in accordance with all applicable laws.

11. To have an evidentiary hearing on whether to vacate the January 5, 2023 Order for purposes of permitting the Debtor to file another bankruptcy case is nonsensical and a waste of this Court's time given that the Order, by its own terms, expired in barring future filings in January of 2025.

12. Powers Kirn also respectfully requests that this case be immediately transferred to another bankruptcy judge for hearing pursuant to Federal Rule of Bankruptcy Procedure, Rule 5004.. The Debtor's Motion filed on 1/12/2025 at Document 182 included an Emergency UCC §9-210 Statutory Request that includes a demand to prior Wells Fargo, Bank N.A. counsel, Reed Smith, LLP. See page 10 of Document 182:

Document    Page 10 of 11

**Certification must confirm**:
Authorization granted by the Board of Directors to Harry B Reese, Jill Manuel Laughlin, Rhonda Payne Harmon, Sarah E. Meyer, Michael Troy Freedman, Cierra-Zadiyah Leshay Mendez, Danielle R. Dreier, Queen N. Stewart, Danielle A. Coleman, Brandon D. Pack, Robert Shearer, and Louis A Bayles to act on behalf of Wells Fargo Bank, NA.

Authorization for any the above noted attorneys to represent Wells Fargo Bank, NA in any form concerning this matter.

Written authorization shall show authority granted from the Board of Directors, signed by authorized corporate personnel, granting any of the above listed attorneys or any other attorney, associated with POWER KIRN LLC; POWERS KIRN & ASSOCIATES LLC; WOMBLE BOND DICKINSON (US) LLP; ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC; BROCK AND SCOTT, LLP; and REED SMITH LLP authority to foreclose, sell, defend or respond to any court proceeding, motion or notice from a court, represent the interest of, act in the capacity of General Counsel on behalf of, or act as a directly hired, third party debt collector for Wells Fargo Bank, NA as granted by the Board of Directors of Wells Fargo Bank, NA.

**RELATION-BACK & EMERGENCY BASIS**

Wells Fargo Bank, N.A. has been on **continuous written notice since at least June 2019** that:

- the existence of any obligation is disputed,
- the identity of the creditor is disputed, and
- foreclosure authority is contested.

13. Upon information and belief, Reed Smith, LLP was representing Wells Fargo Bank, NA in some capacity in connection with this Debtor and mortgaged property. Attached hereto as Exhibit B is a copy of one of the notice of appearances filed by Reed Smith, LLP. Since the Honorable Derek J. Baker was a partner with Reed Smith, LLP prior to taking the bench, Powers Kirn, LLC believes it to be in the best interests of all parties for him to recuse himself from this matter especially since this Debtor appeals every single order entered in both federal and state courts.

## **CONCLUSION**

For the reasons set forth reasons set forth above, Powers Kirn, LLC, respectfully requests that the Court enter an Order granting its Motion for Reconsideration.

RESPECTFULLY SUBMITTED,

POWERS KIRN, LLC

**/s/Jill Manuel-Coughlin, Esquire**
POWERS KIRN, LLC
Jill Manuel-Coughlin, Esquire; ID 63252
Harry B. Reese, Esquire; ID 310501
Karina Velter, Esquire; ID 94781
8 Neshaminy Interplex, Suite 215
Trevose, PA  19053
215-942-2090 phone; 215-942-8661 fax
Email:  bankruptcy@powerskirn.com
Attorney for Movant

Date: January 20, 2026