# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Tarani A. Johnson        2026 JAN 23 P 4: 35        Case No 22-12668
Chapter 7

---

Re: **In re Tarani A. Johnson**, Case No. 22-12668 (DJB)

Counsel:

I write regarding the **Motion for Reconsideration of this Court's January 5, 2026 Order and Motion to Recuse Judge Baker**, filed on January 20, 2026.

This letter is provided **solely as notice pursuant to Fed. R. Civ. P. 11, Fed. R. Bankr. P. 9011, and 28 U.S.C. § 1927**, and is **NOT** a response to the motion, which I intend to address at the hearing currently scheduled by the Court.

Your filing advances factual and legal contentions that lack evidentiary support and mischaracterize the procedural posture and purpose of the reopened bankruptcy proceedings. In particular, the motion(s):

1. Misrepresents the scope and intent of the Court's January 5, 2026 Order reopening the case for limited purposes;
2. Reasserts judgment-based foreclosure narratives despite the absence of any foreclosure judgment;
3. Seeks extraordinary relief (reconsideration, recusal, expedited hearing) without satisfying the governing standards; and
4. Appears to be a dilatory, calculated, tactic, to complicate, or derail the orderly adjudication of the pending Motion to Vacate and Order to Show Cause, of which causes me an irreparable prejudice.

Your attempt to delay the administration of my estate does not preclude your obligation to both appear and produce the subpoenaed documents demanded. If you fail to do so, we will seek sanctions against you.

As you are aware, **Rule 9011** requires that papers presented to the Court be warranted by existing law and supported by evidence after reasonable inquiry. Additionally, **28 U.S.C. § 1927** provides that:

*Any attorney or other person admitted to conduct cases in any court of the United States who so multiplies the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.*

This letter serves as **formal notice** that the Motion for Reconsideration and related filings may be subject to sanctions should they not be withdrawn or corrected within the applicable safe-harbor period. I expressly reserve all rights to seek appropriate relief, including sanctions, should the Court determine that these filings were presented for an improper purpose or without an objectively reasonable basis in law or fact.

> *An application for sanctions will be made within a reasonable time if the offending paper is not withdrawn within 21 days of service of this written demand.*
> *You now have the option of either consenting to an adjournment of the return date on your motion or waiving the balance of the 21-day period then remaining. A movant who does not request an adjournment of the return date as provided herein shall be deemed to have elected the waiver.*

Nothing in this correspondence should be construed as a waiver of any rights, arguments, or objections. I intend to focus Wednesday's hearing on the matters the Court has scheduled—namely, the Motion to Vacate and the Order to Show Cause—and will respond to your filing in the manner and forum the Court deems appropriate.

In light of these undeniable facts and your duty as an officer of the court, I demand that you take the following immediate actions: 1) Immediately withdraw the document from the docket to rectify the false and unsupported allegations; 2) Discontinue any further action that seeks to deceive the court and perpetuate your injustices. Failure to take the necessary steps to rectify this situation will not only exacerbate the injury you have already caused but also indicates a continued disregard for the principles of justice and due process. This letter serves as further, and hopefully final, warning and a call for good faith action. I implore you to reflect on your obligations as an attorney and act in the interest of justice and the rule of law. The court's time and resources must not be wasted any further with unsupported and fraudulent claims.

The applicable rules authorize the Court to impose sanctions on any party or attorney who presents pleadings, motions, or other papers that are frivolous, lack evidentiary support, are not warranted by existing law or a non-frivolous argument for its extension, or are submitted for an improper purpose, including to harass or to unreasonably multiply proceedings.

The rule defines frivolous submissions as those that lack a reasonable basis in law or fact, are filed for an improper purpose, or are meant to cause unnecessary delay or needless increase in litigation costs. Sanctions may include the payment of reasonable attorney's fees and costs incurred due to the frivolous filing and may even include a dismissal.

I expect you to immediately take the demanded steps to rectify your frivolous and unlawful pleadings. I reserve all our rights.

Sincerely,

*By: Johnson, tarani-alike, sui juris*

Tarani-Alike Johnson, *sui juris*

1/23/2026